FILED - GR
May 16, 2024 11:12 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB   SCANNED BY: KB 5/16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BRITTANY E. MARTIN,**

        Plaintiff,

v.

**HENN LESPERANCE PLC.,** *et al.,*

        Defendants.

Case No.: 1:24-cv-00072

HON. Hala Y. Jarbou

---

Brittany E. Martin,
Plaintiff, *in Pro Se*
23 College Ave. SE, Apt 18
Grand Rapids, MI 49503
Bmartin0211@outlook.com
(616) 822-9423

Lee T. Silver (P36905)
Michael L. Gutierrez (P79440)
Brett J. Miller (P68612)
Tyler A. Burk (P85077)
*Attorneys for Henn Lesperance PLC, Kevin Lesperance, Malgorzata ("Gosia") Walker, and Roy H. Johnson*
300 Ottawa Ave. NW, Suite 620
Grand Rapids, Michigan 49503
(616) 988-5600
silver@butzel.com
gutierrez@butzel.com
millerbr@butzel.com
burkt@butzel.com

---

## BRIEF IN SUPPORT OF PLAINTIFF'S *UNOPPOSED* MOTION FOR LEAVE TO FILE AND RECEIVE SERVICE ELECTRONICALLY

Plaintiff Brittany E. Martin seeks the Court's permission to file and receive service electronically as a pro se litigant.

### FACTUAL BACKGROUND

1. On January 26, 2024, Ms. Martin submitted her Pro Se Application for Electronic Filing and Service (ECF No. 3), on the form specified by the Clerk of this Court confirming she meets all the technological requirements necessary to participate in electronic filing.

1

2. On January 29, 2024, this Court denied Ms. Martin's application. (ECF No. 7.)

3. The Court concluded that "allowing [Ms. Martin] the privilege of electronic filing [was] not warranted", adding blanket reasoning that "allowing [Ms. Martin] to engage in electronic filing will not promote the efficient operation of the Court or secure the just, speedy and inexpensive determination of this lawsuit." *Id.* The Court's order failed to specify how allowing Ms. Martin to participate in electronic filing would contravene the stated objectives.

Consequently, Ms. Martin currently must file all documents under Fed. R. Civ. P. 5(2)(A) and W.D. Mich. LCivR 5.4—by delivering her filings to the Clerk by hand during walk-in business hours (Monday through Friday, 8:30 AM – 4:30 PM), or by mail.

Ms. Martin expressly disagrees with the Court's cursory findings. Notwithstanding the imminent circumstances that render non electronic filing practically impossible for Ms. Martin, the Court's denial of electronic filing privileges prejudices her by imposing disproportionate financial and logistical burdens onto her. These undue burdens directly contradict the Court's stated objectives and undermine the principles of equal and meaningful access to justice.

4. Ms. Martin does not have outgoing mail services at her apartment complex and must drive to access postal services anytime she needs to send a mail piece.

5. Ms. Martin will not have access to her vehicle beginning next week for an undetermined amount of time.

6. Without outgoing mail services at her residence and her vehicle unavailable, Ms. Martin's ability to file documents, manage her case, and participate meaningfully in this litigation will be severely compromised.

7. Therefore, it is both logical and essential that the Court grant Ms. Martin the capability to participate in electronic filing and service to ensure the equitable and efficient progression of this case without further undue hardship and prejudice onto Ms. Martin.

## AUTHORITY

Fed. R. Civ. P. 1 and W.D. Mich. LCivR 1.6 emphasize the Court's commitment to efficient operations and the just, speedy, and inexpensive determination of actions.

Fed. R. Civ. P. 5(d)(3)(B)(i) permits a pro se litigant to file electronically "if allowed by court order or by local rule."

This Court has the authority and discretion to permit electronic filing and service privileges to non-prisoner pro se litigants under W.D. Mich. LCivR 5.7; W.D. Mich. LCivR 7.1(a); and Local Administrative Order No. 17-RL-135.

## ARGUMENT

**A. Allowing Ms. Martin to Engage in Electronic Filing Will Secure the Just, Speedy and Inexpensive Determination of This Lawsuit.**

The court's objectives to "promote the efficient operation of the Court" and "secure the just, speedy and inexpensive determination of every action" under Fed. R. Civ. P. 1 and supported by W.D. Mich. LCivR 1.6 are directly served by granting Ms. Martin the ability to file and receive service electronically.

Conversely, continuing to require Ms. Martin bear the burdens associated with outdated, non electronic filing and service directly contradict the Court's objectives and unfairly prejudices Ms. Martin.

      i. *Electronic filing eliminates substantial costs associated with non electronic paper filing aligning with the Court's objectives of securing just and inexpensive determinations of actions.*

3

The requirement for non electronic filing imposes substantial financial burdens that disproportionately affect indigent litigants who are less able to absorb these costs.

Indeed, this Court's denial of Ms. Martin's request to file and receive service electronically has imposed substantial financial burdens onto Ms. Martin, with recent filing and service-related expenses totaling approximately $275.00, broken down as follows:

   a. Printing, ink, and paper costs: $175.00
   b. Postage and shipping costs: $45.00
   c. Cost for USB flash drives for digital exhibits: $20.00
   d. Fuel and parking costs: $35.00

These expenses, although potentially nominal for well-resourced litigants, are extremely prohibitive and unsustainable for Ms. Martin, an indigent pro se litigant, and recklessly exacerbate her financial hardships.

The Court's policy allowing fee waivers acknowledges the economic challenges faced by indigent litigants, yet the failure to accommodate these same individuals by denying them access to electronic filing when requested, despite their capability and meeting technological requirements, is contradictory to the Court's professed commitment to fairness and equal access to justice and stated objective to "secure an inexpensive determination of this lawsuit."

Granting electronic filing privileges would alleviate these financial burdens, ensuring a fairer and less costly litigation process.

   ii. *Granting Ms. Martin electronic filing privileges will alleviate costs and streamline efficiency for all parties, aligning with the Court's objectives of securing inexpensive and just determinations of actions.*

Ms. Martin is presently the only party requiring non electronic service in this case, creating extra labor and costs for everyone involved. Allowing Ms. Martin to file and receive service

electronically will cut labor and costs for both parties and result in a more inexpensive administration of the case. This directly aligns with the Court's objectives to secure the just and inexpensive determination of this lawsuit.

> iii.   *Electronic filing ensures greater efficiency, accessibility, and reliability of the litigation process, aligning perfectly with the Court's objectives of securing speedy, just, and inexpensive determinations of actions.*

The precision of electronic service ensures timely and reliable delivery of court documents, reducing the risk of delay and loss often inherent in non electronic service, promoting the efficient progression of litigation and the avoidance of unnecessary complications. This directly aligns with the Court's objectives to secure the speedy determination of this lawsuit.

For example, on April 22, 2024, in light of an unexpected death in Ms. Martin's family, Ms. Martin moved to extend her pending deadlines until May 6, 2024. (ECF No. 20.) Although the Court granted Ms. Martin's motion shortly after she filed of a certificate of concurrence on the morning of April 26, it was not until Wednesday, May 1, 2024, that Ms. Martin actually received the Court's order (ECF No. 26) granting her extension in the mail.

This situation underscores the actual prejudice arising from the lack of electronic filing access. If Ms. Martin had not bought an electronic copy of the Court's order granting her extension through PACER, the intended benefit of the extension would have been nullified, forcing a filing under constrained conditions and creating further procedural complexities.

The disparity is egregious when compared to the unfettered access afforded to litigants who may electronically file using ECF/CM systems, which are accessible 24 hours a day, seven days a week. This constant availability allows filings to be submitted as late as 11:59 PM on the due date, ensuring that the party has the maximum time to prepare their submissions without the constraint of business hours and associated costs. The Court's electronic filing system also provides real time

5

automated electronic notifications to all registered parties the moment any document in the case is filed.

    **B. Allowing Ms. Martin to engage in electronic filing will promote the efficient operation of the Court because it will conserve judicial resources by reducing the Court's administrative burdens associated with non electronic paper filings.**

The Federal Rules of Civil Procedure and corresponding local rules encourage courts to allow electronic service and filing to promote efficient case management and reduce logistical and financial burdens on all parties.

By allowing Ms. Martin to file and receive service electronically the Court will conserve its own judicial resources by alleviating unnecessary administrative burden of scanning paper filings thus reducing the workload for court staff and enhancing the Court's overall operational efficiency, aligning with the goals set forth in Fed. R. Civ. P. 1 and W.D. Mich. LCivR 1.6.

    **C. Defendants have a documented history of weaponizing the United States Postal Service to execute targeted campaigns of criminal harassment and defamation against Ms. Martin.**

In January 2021, Ms. Martin was abruptly and unjustly terminated from her position as a legal assistant/paralegal at the law firm of Henn Lesperance PLC. Five days prior to her firing, an anonymous package containing a letter and incriminating photographs was received by Ms. Grace Lesperance, the wife of Defendant Kevin Lesperance, who is a managing member and co-owner of the firm. The letter, purportedly from a private investigator, exposed an extramarital affair between Kevin Lesperance and his subordinate, Defendant Gosia Walker, the firm's HR/Office manager. Although the letter did not identify its sender beyond claiming to be a private investigator acting out of altruism, Ms. Martin was falsely framed and pinned by Defendants, and especially Gosia Walker, as the author and sender.

Ms. Martin had no knowledge of Kevin and Gosia's extramarital affair and no involvement in the letter. In reality, the author of the letter was Gosia Walker's elderly husband, Thomas C. Walker, an unsuspecting yet formidable player in society's dark underbelly. With Gosia's complicity, they orchestrated this malicious act to frame Ms. Martin, thereby sabotaging her career and reputation. Ms. Martin has been subjected to a vicious, retaliatory smear campaign ever since.

    iv.    *Ongoing USPS harassment and interference highlight the need for Ms. Martin to be granted electronic filing privileges to protect the integrity of the legal process.*

Since her wrongful termination, Ms. Martin has faced ongoing harassment through the USPS, including tampering, interference, and outright theft of critical mail and personal items. Despite filing numerous complaints with the USPS Inspector General and local law enforcement, no effective action has been taken, raising concerns about the influence and reach of Defendants' powerful connections.

These ongoing violations create a serious risk of jeopardizing the integrity of the legal process. Electronic filing and service provide a more secure and reliable method of document exchange, mitigating these risks and complications, leading to a more efficient litigation process.

## CONCLUSION AND RELIEF SOUGHT

In light of the outlined benefits and the lack of opposition from Defendants, granting this motion is both just and equitable. It serves the interests of all parties, aligns with modern legal practices, and supports the Court's operational efficiency and commitment to the just, speedy, and inexpensive determination of actions.

**WHEREFORE**, Plaintiff, Ms. Brittany E. Martin, respectfully requests that this Honorable Court enter an order permitting her to file and receive service electronically and grant her any other relief this Court deems just and proper.

Respectfully submitted,

Brittany E. Martin
*Plaintiff in Pro Se*

Dated: 5/16/24

By: _____
Brittany E. Martin
Plaintiff, *in Pro Se*
(616) 822-9423
23 College Ave. SE, APT. 18
Grand Rapids, MI 49503
bmartin0211@outlook.com

## CERTIFICATE OF COMPLIANCE

Under W.D. Mich. LCivR 7.3(b), I hereby certify that this Motion and supporting Brief contains 1937 words, including headings, footnotes, and this paragraph and signature, as computed by Microsoft Office 365.

Respectfully submitted,

Brittany E. Martin
*Plaintiff in Pro Se*

Dated: 5/16/24

By: _____
Brittany E. Martin
Plaintiff, *in Pro Se*
(616) 822-9423
23 College Ave. SE, APT. 18
Grand Rapids, MI 49503
bmartin0211@outlook.com