UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRITTANY E. MARTIN,

    Plaintiff,

v.

HENN LESPERANCE PLC, et al.,

    Defendants.

_____/

Case No. 1:24-cv-72

Hon. Hala Y. Jarbou

## ORDER

Plaintiff appeals the magistrate judge's decision to strike her amended complaint.

A party objecting to a magistrate judge's resolution of a nondispositive[1] matter can file objections within 14 days of being served with the order. Fed. R. Civ. P. 72(a). The district judge must consider those objections and then modify any part of the order that is "clearly erroneous" or "contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams Cnty. Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

After Plaintiff filed and served her complaint, she and Defendants stipulated that she could file an amended complaint under Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure[2] by February 29, 2024, and that Defendants could respond or answer the complaint or amended

---

[1] The Court assumes the magistrate judge's order to strike is nondispositive, but the outcome would be the same even if it were not.

[2] Rule 15(a)(1)(A) gives a party the right to amend their complaint within 21 days after serving it.

complaint by March 21, 2024; the magistrate judge signed and approved the stipulation. (2/22/2024 Stip. & Order, ECF No. 12.)  Plaintiff did not file an amended complaint by February 29.  Defendants filed a motion to dismiss on March 21, 2024, serving it on Plaintiff by email and mail.  (Proof of Service, ECF No. 16.)

Plaintiff filed an amended complaint on April 12, 2024.  The magistrate judge struck the amended complaint because she did not seek leave of the Court before filing it and Plaintiff did not file it within the time period provided by the parties' stipulation.  (4/16/2024 Order, ECF No. 19.)

In her appeal, Plaintiff contends that she had a right to amend her complaint once as a matter of course under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.  Plaintiff is correct.  That rule gave her 21 days after service of Defendants' motion to dismiss in which to file an amended complaint as a matter of course.  She filed her complaint within that time period.[3]  The magistrate judge's stipulated order giving Plaintiff additional time to file her amended complaint under Rule 15(a)(1)(A) did not eliminate Plaintiff's right under Rule 15(a)(1)(B) to amend her complaint as a matter of course after receiving service of Defendants' motion to dismiss.

The magistrate judge reasoned that Plaintiff "already had the benefit of the 21-day period" and that "she was not entitled to a second opportunity to amend her complaint as a matter of course, as Rules 15(a)(1)(A) and (B) are stated in the disjunctive."  (4/16/2024 Order, ECF No. 19.)  By their own terms, however, Rules 15(a)(1)(A) and (B) give a party two different opportunities for filing an amended complaint as a matter of course.  Plaintiff's choice to not use the first opportunity

---

[3] Plaintiff filed her complaint 22 days after Defendants filed their motion to dismiss, but Defendants do not contend that her filing was untimely.  Indeed, Defendants served Plaintiff with the motion to dismiss by mail and email.  Email is not sufficient for service unless the other party agrees in writing.  There is no indication that Plaintiff agreed to service by email.  If she did not, Plaintiff would have received proper service by mail at least one day after Defendants filed their motion to dismiss.  Thus, she filed her amended complaint within 21 days of service.

2

did not deprive her of the right to use the second. Otherwise, Rule 15(a)(1)(B) would serve no purpose because every plaintiff relying on Rule 15(a)(1)(B) has already had an opportunity to amend under Rule 15(a)(1)(A). Thus, the Court agrees with Plaintiff that the magistrate judge's decision was contrary to law.

Defendants argue that, if the Court allows Plaintiff's amended complaint, the Court should nevertheless strike it under Rules 8 or 12(f) of the Federal Rules of Civil Procedure or to seal portions of it. The Court will allow the magistrate judge to consider these arguments in the first instance.

Defendants also argue that the Court should first consider their motion to dismiss. However, that motion relates to Plaintiff's original complaint, not the amended one. Unless the magistrate judge again decides to strike the amended complaint in its entirety (for new reasons), the pending motion to dismiss is moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file a reply in support of her appeal (ECF No. 40) is **GRANTED**. The Clerk of Court is directed to file her proposed brief (ECF No. 40-1) as a reply in support of her appeal.

**IT IS FURTHER ORDERED** that Plaintiff's appeal (ECF No. 27) is **GRANTED** as set forth herein.

**IT IS FURTHER ORDERED** that the magistrate judge's order to strike (ECF No. 19) is **VACATED**.

**IT IS FURTHER ORDERED** that, before the amended complaint is restored to the public docket, the magistrate judge is directed to consider (by motion from Defendants or sua sponte, if

appropriate) whether to strike or seal all or a portion of the amended complaint and exhibits under Rules 8, 12(f), or other applicable rule.

Dated: May 24, 2024 /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE