## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---

**BRITTANY E. MARTIN,**

               Plaintiff,

v.

**HENN LESPERANCE PLC,** *et al.,*

            Defendants.

Case No.: 1:24-cv-00072
HON. Hala Y. Jarbou

**ORAL ARGUMENT REQUESTED**

Brittany E. Martin
Plaintiff, *in Pro Se*
23 College Ave. SE, Apt 18
Grand Rapids, MI 49503
(616) 822-9423
bmartin0211@outlook.com

Lee T. Silver (P36905)
Michael L. Gutierrez (P79440)
Tyler A. Burk (P85077)
*Attorneys for Defendants Henn Lesperance PLC, Kevin Lesperance, Malgorzata ("Gosia") Walker, and Roy H, Johnson*
300 Ottawa Ave. NW, Suite 620
Grand Rapids, Michigan 49503
(616) 988-5600
silver@butzel.com
gutierrez@butzel.com
burkt@butzel.com

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECUSAL OR DISQUALIFICATION OF MAGISTRATE JUDGE SALLY J. BERENS

Brittany E. Martin, Plaintiff, respectfully re-submits this brief in support of her Motion for Recusal or Disqualification of Magistrate Judge Sally J. Berens under 28 U.S.C. § 455(a) and (b) in accordance with the directions outlined in the Court's Order filed today (ECF No. 51).

### LEGAL AUTHORITY

28 U.S.C. § 455 provides two statutory provisions governing the disqualification of judges and magistrates in civil proceedings. These two provisions are compelled by similar but distinct legal standards.

- **<u>28 U.S.C. § 455(a)</u>**

First, 28 U.S.C. § 455(a) provides in full, "[A]ny justice, judge, or magistrate judge of the United States shall disqualify herself in any proceeding in which her impartiality might reasonably be questioned."

Section 455(a) is intentionally broad and general in nature and does not refer to specific types of conduct. Instead, it addresses the *appearance* of impartiality, meaning a judge does not need to actually be biased in order to recuse herself.  "What matters is not the reality of bias or prejudice but its appearance." *Liteky v. U.S.*, 510 U.S. 540, 548 (1994).

The test for whether recusal is warranted or required under Section 455(a). The standard is not the judge's "introspective estimate of his own ability impartially to hear a case," but rather it is an objective one." *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980). The statute requires recusal "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990).

However, said objectively reasonable person "is not a judge, because judges, keenly aware of the obligation to decide matters impartially, may regard asserted conflicts to be more innocuous than an outsider would." *Arkansas State Conf. NAACP*, 578 F.Supp.3d at 1019 (citations omitted).

- **<u>28 U.S.C. § 455(b)</u>**

Second, 28 U.S.C. § 455(b) sets forth a number of specific circumstances that warrant recusal of a judge, including, in relevant part:

"(b) She shall also disqualify herself in the following circumstances:

(1) Where she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; …

(4) She knows that she, individually or as a fiduciary, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) She, or a person within the third degree of relationship to her, or the spouse of such a person:

    (i) Is a party to the proceeding, **or an officer, director, or trustee of a party;**

    (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

    (iv) Is to the judge's knowledge likely to be a material witness in the proceeding."

The elements for both provisions of the judicial disqualification statute are satisfied by the facts set forth below. Magistrate Berens must be disqualified from any further participation in this lawsuit because:

1. Her conflicts of interest with parties to this lawsuit violate the statutory provisions of 28 U.S.C. § 455(b)(1), (4), and (5), and

2. Her relationships with individuals involved in this lawsuit, at minimum, raise the appearance of bias and would lead a reasonable, objective person to question her impartiality and therefore meet the standards requiring recusal under the 28 U.S.C. § 455(a).

## STATEMENT OF THE CASE

At the heart of this lawsuit lies the egregious conduct of Defendants—a prominent Grand Rapids, Michigan law firm, along with its attorneys, agents, associates, and influential allies. Defendants and their operatives have collectively conspired to silence, destroy, discredit, and marginalize their chosen scapegoat, Plaintiff, Ms. Martin.

Ms. Martin, who joined the Defendants' law firm as a legal assistant/paralegal with a promising future, saw her life upended when the Defendants targeted her to shield themselves from exposure and accountability for their criminal and unethical actions.

This case reveals widespread corruption, criminal activity, and shocking behavior by individuals sworn to uphold the law and ethical standards. Defendants and their associates, many of whom are prominent members of the Grand Rapids legal community, have employed every tactic to derail this lawsuit and obstruct Ms. Martin's pursuit of justice. Their actions coincide with the collapse of the false narrative they have been promoting for three years—one that portrays them as victims, absolves them of wrongdoing, and vilifies Ms. Martin.

Given the high stakes and the involvement of influential legal figures, there is a significant risk of undue influence and judicial bias, especially in a local setting where judges may have relationships with the Defendants and their operatives. In short, this is not an ordinary civil lawsuit. It involves high-profile, powerful individuals who are covertly connected and stand to lose everything if the truth comes out. These individuals are working behind the scenes to make this case disappear by any means necessary.

## FACTS AND LAW

The purpose of judicial disqualification statute is "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). That is because, as our Supreme Court declared, litigants have a right to a "neutral and detached" judge. *Ward v. Village of Monroeville*, 409 U.S. 57 (1972), and, "[t]o perform its high function in the best way 'justice must satisfy the appearance of justice.'" *In re Murchison,* 349 U.S. 133, 136 (1955). Accordingly, "[w]here the question is

close, the judge must recuse himself." *Dandy*, <u>998 F.2d at 1349</u>." *Union Planters Bank v. L J Develop. Co.*, 115 F.3d 378, 383 (6th Cir. 1997).

Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Rather, recusal claims must generally stem from extrajudicial sources "other than participation in the proceedings or prior contact with related cases." *Fharmacy Records*, <u>572  F.Supp.2d  at 875</u> (quoting *U.S. v. Nelson*, <u>922 F.2d 311, 319-20</u> (6th Cir. 1990)). "Prejudice or bias sufficient to justify recusal must be personal bias arising from the judges' background or association, as distinguished from a judge's view of the law." *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). Accordingly, the facts asserted herein stem from extrajudicial sources and not from conduct or rulings made in the course of the proceedings.

### A.  Magistrate Berens Maintains a Direct Personal and Governing Relationship with Defendants Thomas C. Walker and Gosia Walker Through the Grand Rapids Yacht Club.

The Grand Rapids Yacht Club ("GRYC") represents the pinnacle of social status within East Grand Rapids' elite circle. Despite the fact that it is a relatively small club, it is one of the most coveted membership affiliations in the area.

Magistrate Berens and Defendant Thomas C. Walker are both active members and shareholders of the GRYC. Magistrate Berens and Defendant Thomas C. Walker have sailed together in the same fleet (Laser Fleet) since at least 2021, demonstrating a close personal relationship that extends beyond mere acquaintance. (See below: Thomas C. Walker: Laser Fleet 1533 and Sally J. Berens: Laser Fleet 5367).

**Laser Scores 2021**

Standings | Races | Roster | Results | Setup

As of Race Date: 9/4/21 | Scoring: High % | Average Boats/Race: 5.9 | Race Max. Boats: 13 | Race Min. Boats: 3

"•" = qualified for season/series

| OVERALL STANDINGS | | Total # of Races: 46 | | | | THURSDAY SERIES | | Total # of Races: 24 | | | | SUNDAY SERIES | | Total # of Races: 14 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Place | Skipper* | Sail # | Pnts | %Pts | %Sail | Qual? | Place | Skipper | Sail # | Pnts | %Pts | %Sail | Place | Skipper | Sail # | Pnts | %Pts | %Sail | Qual? |
| 1 | Coberly, C. | 7641 | 71 | 100% | 17% | | 1 | Coberly, C. | 7641 | 36 | 100% | 17% | | 1 | Goulet, C. | 8807 | 25 | 100% | 21% | |
| 2 | Goulet, C. | 8807 | 100 | 88% | 37% | | 2 | Goulet, C. | 8807 | 38 | 84% | 33% | | 2 | Goulet, C. | 8027 | 46 | 85% | 64% | • |
| 3 | *Gould, C.* | *8027* | *110* | *82%* | *48%* | • | 3 | Goulet, C. | 8807 | 75 | 84% | 50% | • | 3 | Diem, L. | 780 | 20 | 80% | 36% | |
| 4 | Diem, L. | 780 | 40 | 78% | 15% | | 4 | Diem, L. | 780 | 20 | 77% | 8% | | 4 | Jones, S. | 4921 | 20 | 80% | 21% | |
| 5 | Ludington, JT | 8 | 9 | 75% | 4% | | 5 | Ludington, JT | 8 | 9 | 75% | 8% | | 5 | Forton, C. | 7976 | 31 | 69% | 64% | • |
| 6 | *Forton, C.* | *7976* | *109* | *72%* | *52%* | • | 6 | McGovern, KC | 2607 | 88 | 75% | 79% | • | 6 | Pimm, J. | 9716 | 5 | 63% | 14% | |
| 7 | *McGovern, KC* | *2607* | *114* | *71%* | *54%* | • | 7 | Forton, C. | 7976 | 54 | 72% | 46% | • | 7 | Wynsma, Eric | 4070 | 13 | 62% | 21% | |
| 8 | Jones, S. | 4921 | 58 | 67% | 24% | | 8 | Jones, S. | 4921 | 31 | 57% | 29% | | 8 | VanderGround, J. | 8916 | 28 | 61% | 57% | • |
| 9 | Decker, D. | 5206 | 39 | 65% | 15% | | 9 | VanderGround, J. | 8916 | 44 | 54% | 58% | • | 9 | McGovern, KC | 2607 | 21 | 60% | 36% | |
| 10 | Pimm, J. | 9716 | 5 | 63% | 4% | | 10 | Towner, E. | 5957 | 29 | 51% | 42% | • | 10 | Tilton, S. | 8211 | 5 | 45% | 7% | |
| 11 | VanderGround, J. | 8916 | 113 | 60% | 65% | • | 11 | Wynsma, M. | 3329 | 5 | 50% | 8% | | 11 | Sanborn, J. | 1028 | 8 | 38% | 29% | |
| 12 | Jones, I. | 105 | 38 | 56% | 20% | | 12 | Grabowski, D. | 7846 | 4 | 44% | 13% | | 12 | Grabowski, D. | 7846 | 16 | 37% | 50% | • |
| 13 | Tilton, S. | 8211 | 14 | 52% | 9% | | 13 | Jones, I. | 105 | 10 | 42% | 17% | | 13 | Decker, D. | 5206 | 4 | 36% | 7% | |
| 14 | Wynsma, M. | 3329 | 5 | 50% | 4% | | 14 | Decker, D. | 5206 | 4 | 40% | 8% | | 14 | Towner, E. | 5957 | 7 | 29% | 29% | |
| 15 | Wynsma, Eric | 4070 | 15 | 48% | 11% | | 15 | Tilton, S. | 8211 | 4 | 40% | 8% | | 15 | VanDurnen, N. | 10 | 2 | 25% | 14% | |
| 16 | Timmer, C. | 1992 | 18 | 46% | 9% | | 16 | Jeffrey, R. | 4179 | 37 | 37% | 71% | • | 16 | Smith, H. | 2923 | 2 | 20% | 14% | |
| 17 | Towner, E. | 5957 | 41 | 44% | 35% | | 17 | Walker, T. | 1533 | 10 | 26% | 17% | | 17 | Dean, A. | 5226 | 3 | 20% | 21% | |
| 18 | Koenan, | 6135 | 12 | 41% | 7% | | 18 | Wynsma, Eric | 4070 | 2 | 20% | 8% | | 18 | Faris, J. | 4793 | 3 | 18% | 21% | |
| 19 | Jeffrey, R. | 4179 | 57 | 41% | 46% | • | 19 | Smith, H. | 2923 | 4 | 15% | 8% | | 19 | Ludington, JT | 8 | 0 | 0% | 0% | |
| 20 | Grabowski, D. | 7846 | 26 | 41% | 26% | | 20 | Sanborn, J. | 1028 | 1 | 14% | 4% | | 20 | Jones, I. | 105 | 0 | 0% | 0% | |
| 21 | Sanborn, J. | 1028 | 9 | 32% | 11% | | 21 | Mead, M. | 6588 | 2 | 8% | 8% | | 21 | Ranger, B. | 727 | 0 | 0% | 0% | |
| 22 | *Walker, T* | *1533* | *13* | *30%* | *11%* | | 22 | VanDurnen, N. | 10 | 0 | 0% | 0% | | 22 | Steger, S. | 1086 | 0 | 0% | 0% | |
| 23 | VanDurnen, N. | 10 | 2 | 25% | 4% | | 23 | Ranger, B. | 727 | 0 | 0% | 0% | | 23 | Iqari, R. | 1111 | 0 | 0% | 0% | |
| 24 | Faris, J. | 4793 | 10 | 23% | 13% | | 24 | Steger, S. | 1086 | 0 | 0% | 0% | | 24 | *Walker, T* | *1533* | *0* | *0%* | *0%* | |
| 26 | Dean, A. | 5226 | 3 | 20% | 7% | | 25 | Iqari, R. | 1111 | 0 | 0% | 0% | | 25 | Wynsma, J. | 1749 | 0 | 0% | 0% | |
| 27 | Baxter, J. | 7579 | 7 | 18% | 9% | | 26 | Wynsma, J. | 1749 | 0 | 0% | 0% | | 26 | Timmer, C. | 1992 | 0 | 0% | 0% | |
| 28 | Smith, H. | 2923 | 6 | 17% | 9% | | 27 | Timmer, C. | 1992 | 0 | 0% | 0% | | 27 | Boersma, S. | 2727 | 0 | 0% | 0% | |
| 29 | Hiller, C. | 6149 | 1 | 17% | 2% | | 28 | Boersma, S. | 2727 | 0 | 0% | 0% | | 28 | Wynsma, M. | 3329 | 0 | 0% | 0% | |
| 30 | VadenBosch, S. | 9984 | 3 | 15% | 4% | | 29 | Madden, M. | 3979 | 0 | 0% | 0% | | 29 | Madden, M. | 3979 | 0 | 0% | 0% | |
| 31 | *Mead, M.* | *6588* | *4* | *11%* | *7%* | | 30 | Faris, J. | 4793 | 0 | 0% | 0% | | 30 | Jeffrey, R. | 4179 | 0 | 0% | 0% | |
| 32 | Ranger, B. | 727 | 0 | 0% | 0% | | 31 | Wynsma, Ella | 4976 | 0 | 0% | 0% | | 31 | Wynsma, Ella | 4976 | 0 | 0% | 0% | |
| 33 | Steger, S. | 1086 | 0 | 0% | 0% | | 32 | Dean, A. | 5226 | 0 | 0% | 0% | | 32 | Berens, S. | 5367 | 0 | 0% | 0% | |
| 34 | Wynsma, J. | 1749 | 0 | 0% | 0% | | 33 | Berens, S. | 5367 | 0 | 0% | 0% | | 33 | Ranger, B. (Radial) | 5876 | 0 | 0% | 0% | |
| 35 | *Boersma, S.* | *2727* | *0* | *0%* | *0%* | | 34 | Ranger, B. (Radial) | 5876 | 0 | 0% | 0% | | 34 | Koenan, | 6135 | 0 | 0% | 0% | |
| 36 | *Madden, M.* | *3979* | *0* | *0%* | *0%* | | 35 | Koenan, | 6135 | 0 | 0% | 0% | | 35 | Hiller, C. | 6149 | 0 | 0% | 0% | |
| 38 | *Berens, S.* | *5367* | *0* | *0%* | *0%* | | 36 | Hiller, C. | 6149 | 0 | 0% | 0% | | 36 | Mead, M. | 6588 | 0 | 0% | 0% | |
| 39 | *Ranger, B. (Radial)* | *5876* | *0* | *0%* | *0%* | | 37 | Baxter, J. | 7579 | 0 | 0% | 0% | | 37 | Baxter, J. | 7579 | 0 | 0% | 0% | |
| 40 | McGovern, H. | 8708 | 0 | 0% | 0% | | 38 | McGovern, H. | 8708 | 0 | 0% | 0% | | 38 | Coberly, C. | 7641 | 0 | 0% | 0% | |
| 41 | O'Daugherty, R. | 8709 | 0 | 0% | 0% | | 39 | O'Daugherty, R. | 8709 | 0 | 0% | 0% | | 39 | McGovern, H. | 8708 | 0 | 0% | 0% | |
| 42 | *Morse, S.* | *9030* | *0* | *0%* | *0%* | | 40 | Morse, S. | 9030 | 0 | 0% | 0% | | 40 | O'Daugherty, R. | 8709 | 0 | 0% | 0% | |
| 43 | Olson, W. | 9040 | 0 | 0% | 0% | | 41 | Olson, W. | 9040 | 0 | 0% | 0% | | 41 | Morse, S. | 9030 | 0 | 0% | 0% | |
| 44 | Miller, C. | 9973 | 0 | 0% | 0% | | 42 | Pimm, J. | 9716 | 0 | 0% | 0% | | 42 | Olson, W. | 9040 | 0 | 0% | 0% | |
| 45 | *Harrison, C.* | *99020* | *0* | *0%* | *0%* | | 43 | Miller, C. | 9973 | 0 | 0% | 0% | | 43 | Miller, C. | 9973 | 0 | 0% | 0% | |
| 46 | | | 0 | 0% | 0% | | 44 | Harrison, C. | 99020 | 0 | 0% | 0% | | 44 | Harrison, C. | 99020 | 0 | 0% | 0% | |
| 47 | | | 0 | 0% | 0% | | 45 | VadenBosch, S. | 9984 | 0 | 0% | 0% | | 45 | VadenBosch, S. | 9984 | 0 | 0% | 0% | |
| 48 | | | 0 | 0% | 0% | | 46 | | | 0 | 0% | 0% | | 46 | | | 0 | 0% | 0% | |
| 49 | | | 0 | 0% | 0% | | 47 | | | 0 | 0% | 0% | | 47 | | | 0 | 0% | 0% | |
| 50 | | | 0 | 0% | 0% | | 48 | | | 0 | 0% | 0% | | 48 | | | 0 | 0% | 0% | |
| | | | | | | | 49 | | | 0 | 0% | 0% | | 49 | | | 0 | 0% | 0% | |
| | | | | | | | 50 | | | 0 | 0% | 0% | | 50 | | | 0 | 0% | 0% | |

*Skippers in red have not met the Club participation requirement for the current season. For questions regarding the Club participation requirement, contact the Fleet Captain.

Published by Google Sheets – Report Abuse – Updated automatically every 5 minutes

## Laser Scores 2022

**Tabs:** Standings | Races | Roster | Results | Setup

As of Race Date: 9/5/22 — Scoring: High Point — Average Boats/Race: 7.4 — Race Max. Boats: 15 — Race Min. Boats: 3 — "•" = qualified for season/series

### OVERALL STANDINGS — Total # of Races: 56

| Place | Skipper | Sail # | Pnts | %Pts | %Sail | Qual? |
|---|---|---|---|---|---|---|
| 1 | Forton, C. | 7976 | 210 | 83% | 61% | • |
| 2 | Hallett, J. | 2066 | 173 | 67% | 54% | • |
| 3 | VanderGround, J. | 9973 | 173 | 67% | 55% | • |
| 4 | Jeffrey, R. | 4179 | 164 | 50% | 70% | • |
| 5 | McGovern, KC | 7641 | 161 | 93% | 39% | • |
| 6 | VanderGround, H | 8916 | 129 | 73% | 34% | • |
| 7 | Jones, S. | 4921 | 118 | 67% | 36% | • |
| 8 | Coberly, C. | 8476 | 113 | 97% | 30% | • |
| 9 | Decker, D. | 8657 | 94 | 78% | 29% | • |
| 10 | Gould, C. | 8027 | 79 | 78% | 18% | • |
| 11 | McGovern, H. | 2607 | 47 | 76% | 9% | • |
| 12 | Feyen, H. | 1992 | 45 | 61% | 14% | • |
| 13 | Towner, E. | 8115 | 43 | 59% | 16% | • |
| 14 | Hoefer, B. | 7579 | 38 | 28% | 27% | • |
| 15 | Hammel, D. | 5406 | 35 | 32% | 29% | • |
| 16 | Grabowski, D. | 7846 | 35 | 47% | 13% | • |
| 17 | Smith, H. | 2923 | 29 | 43% | 14% | • |
| 18 | Sanborn, J. | 1028 | 28 | 25% | 18% | • |
| 19 | Pimm, Jake | 9716 | 28 | 35% | 16% | • |
| 20 | Tilton, S. | 8211 | 25 | 44% | 11% | • |
| 21 | Walker, T | 1533 | 18 | 42% | 11% | • |
| 22 | Dean, A. | 5226 | 14 | 28% | 13% | • |
| 23 | Berens, S. | 5367 | 16 | 18% | 14% | • |
| 24 | Mallet, G. | 4503 | 15 | 22% | 16% | • |
| 25 | Hiller, C. | 6149 | 15 | 26% | 11% | • |
| 26 | Faris, J. | 4793 | 13 | 25% | 13% | • |
| 27 | Swenson, Chris | 5918 | 10 | 29% | 5% | • |
| 28 | Miller, G. | 9973.5 | 9 | 31% | 4% | • |
| 29 | VandenBosch, S. | 9984 | 9 | 35% | 5% | |
| 30 | Vanderploeg, N. | 399.1 | 7 | 16% | 9% | • |
| 31 | McMahon, Pat | 399 | 6 | 13% | 11% | • |
| 32 | Diem, L. | 780 | 5 | 56% | 4% | • |
| 33 | Mead, M. | 6588 | 5 | 24% | 4% | |
| 34 | Dudley, Tim | 8124 | 4 | 10% | 5% | • |
| 35 | Ludington, JT | 8 | 0 | 0% | 0% | • |
| 36 | Ranger, B. | 727 | 0 | 0% | 0% | |
| 37 | Steger, S. | 1086 | 0 | 0% | 0% | |
| 38 | Iqari, R. | 1111 | 0 | 0% | 0% | |
| 39 | Wynsma, J. | 1749 | 0 | 0% | 0% | |
| 40 | Madden, M. | 3979 | 0 | 0% | 0% | |
| 41 | Wynsma, Eric | 4070 | 0 | 0% | 0% | |
| 42 | Wynsma, Ella | 4976 | 0 | 0% | 0% | |
| 43 | Ranger, B. (Radial) | 5876 | 0 | 0% | 0% | |
| 44 | Koenan, | 6135 | 0 | 0% | 0% | |
| 45 | O'Daugherty, R. | 8709 | 0 | 0% | 0% | |
| 46 | Dicke, Nicholas | 8807 | 0 | 0% | 0% | |
| 47 | Olson, W. | 9040 | 0 | 0% | 0% | |
| 48 | Chappel, Heather | 9999 | 0 | 0% | 0% | |
| 49 | | | 0 | 0% | 0% | |
| 50 | | | 0 | 0% | 0% | |
| 51 | | | | | | |

### THURSDAY SERIES — Total # of Races: 28

| Place | Skipper | Sail # | Pnts | %Pts | %Sail | Qual? |
|---|---|---|---|---|---|---|
| 1 | Hallett, J. | 2066 | 157 | 67% | 100% | • |
| 2 | McGovern, KC | 7641 | 148 | 93% | 64% | • |
| 3 | Forton, C. | 7976 | 138 | 83% | 71% | • |
| 4 | Jeffrey, R. | 4179 | 108 | 53% | 82% | • |
| 5 | VanderGround, J. | 9973 | 79 | 61% | 50% | • |
| 6 | Jones, S. | 4921 | 77 | 63% | 43% | • |
| 7 | Coberly, C. | 8476 | 65 | 97% | 36% | • |
| 8 | Gould, C. | 8027 | 64 | 75% | 29% | • |
| 9 | VanderGround, H | 8916 | 61 | 62% | 36% | • |
| 10 | McGovern, H. | 2607 | 43 | 78% | 14% | • |
| 11 | Grabowski, D. | 7846 | 25 | 49% | 18% | • |
| 12 | Sanborn, J. | 1028 | 24 | 26% | 29% | • |
| 13 | Smith, H. | 2923 | 24 | 44% | 21% | • |
| 14 | Tilton, S. | 8211 | 23 | 43% | 18% | • |
| 15 | Pimm, Jake | 9716 | 21 | 32% | 21% | • |
| 16 | Hammel, D. | 5406 | 20 | 30% | 36% | • |
| 17 | Hoefer, B. | 7579 | 20 | 31% | 18% | • |
| 18 | Decker, D. | 8657 | 19 | 79% | 11% | • |
| 19 | Dean, A. | 5226 | 18 | 28% | 25% | • |
| 20 | Walker, T. | 1533 | 12 | 41% | 14% | • |
| 21 | Towner, E. | 8115 | 11 | 46% | 11% | • |
| 22 | Swenson, Chris | 5918 | 10 | 29% | 11% | • |
| 23 | Miller, G. | 9973.5 | 9 | 31% | 7% | • |
| 24 | Berens, S. | 5367 | 8 | 15% | 14% | • |
| 25 | Faris, S. | 4793 | 7 | 22% | 11% | • |
| 26 | Hiller, C. | 6149 | 7 | 39% | 7% | • |
| 27 | Mallet, G. | 4503 | 6 | 18% | 14% | • |
| 28 | Dudley, Tim | 8124 | 4 | 10% | 11% | • |
| 29 | McMahon, Pat | 399 | 2 | 9% | 7% | • |
| 30 | Ludington, JT | 8 | 0 | 0% | 0% | • |
| 31 | Ranger, B. | 727 | 0 | 0% | 0% | |
| 32 | Diem, L. | 780 | 0 | 0% | 0% | |
| 33 | Steger, S. | 1086 | 0 | 0% | 0% | |
| 34 | Iqari, R. | 1111 | 0 | 0% | 0% | |
| 35 | Wynsma, J. | 1749 | 0 | 0% | 0% | |
| 36 | Feyen, H. | 1992 | 0 | 0% | 0% | |
| 37 | Madden, M. | 3979 | 0 | 0% | 0% | |
| 38 | Wynsma, Eric | 4070 | 0 | 0% | 0% | |
| 39 | Wynsma, Ella | 4976 | 0 | 0% | 0% | |
| 40 | Ranger, B. (Radial) | 5876 | 0 | 0% | 0% | |
| 41 | Koenan, | 6135 | 0 | 0% | 0% | |
| 42 | Mead, M. | 6588 | 0 | 0% | 0% | |
| 43 | Vanderploeg, N. | 399.1 | 0 | 0% | 0% | |
| 44 | O'Daugherty, R. | 8709 | 0 | 0% | 0% | |
| 45 | Dicke, Nicholas | 8807 | 0 | 0% | 0% | |
| 46 | Olson, W. | 9040 | 0 | 0% | 0% | |
| 47 | VandenBosch, S. | 9984 | 0 | 0% | 0% | |
| 48 | Chappel, Heather | 9999 | 0 | 0% | 0% | |
| 49 | | | 0 | 0% | 0% | |
| 50 | | | 0 | 0% | 0% | |
| 51 | | | | | | |

### SUNDAY SERIES — Total # of Races: 21

| Place | Skipper | Sail # | Pnts | %Pts | %Sail | Qual? |
|---|---|---|---|---|---|---|
| 1 | Forton, C. | 7976 | 57 | 89% | 57% | • |
| 2 | Decker, D. | 8657 | 56 | 76% | 52% | • |
| 3 | VanderGround, J. | 9973 | 53 | 71% | 48% | • |
| 4 | Jeffrey, R. | 4179 | 40 | 50% | 52% | • |
| 5 | Coberly, C. | 8476 | 39 | 98% | 24% | • |
| 6 | Jones, S. | 4921 | 35 | 78% | 29% | • |
| 7 | VanderGround, H | 8916 | 25 | 81% | 19% | • |
| 8 | Feyen, H. | 1992 | 17 | 52% | 19% | • |
| 9 | Towner, E. | 8115 | 16 | 52% | 19% | • |
| 10 | Gould, C. | 8027 | 15 | 94% | 10% | • |
| 11 | McGovern, KC | 7641 | 13 | 87% | 19% | • |
| 12 | VandenBosch, S. | 9984 | 9 | 35% | 14% | |
| 13 | Hammel, D. | 5406 | 8 | 35% | 19% | • |
| 14 | Pimm, Jake | 9716 | 7 | 50% | 14% | • |
| 15 | Hoefer, B. | 7579 | 7 | 19% | 29% | • |
| 16 | Faris, J. | 4793 | 6 | 32% | 19% | • |
| 17 | Hiller, C | 6149 | 6 | 38% | 10% | • |
| 18 | Smith, H. | 2923 | 5 | 38% | 10% | • |
| 19 | Sanborn, J. | 1028 | 4 | 24% | 10% | • |
| 20 | McMahon, Pat | 399 | 4 | 17% | 19% | • |
| 21 | McGovern, H. | 2607 | 4 | 57% | 5% | • |
| 22 | Walker, T. | 1533 | 3 | 38% | 5% | • |
| 23 | Mallet, G. | 4503 | 3 | 27% | 14% | • |
| 24 | Vanderploeg, N. | 399.1 | 3 | 12% | 14% | • |
| 25 | Berens, S. | 5367 | 2 | 25% | 5% | • |
| 26 | Mead, M. | 6588 | 2 | 22% | 5% | • |
| 27 | Tilton, S. | 8211 | 2 | 50% | 5% | • |
| 28 | Ludington, JT | 8 | 0 | 0% | 0% | • |
| 29 | Ranger, B. | 727 | 0 | 0% | 0% | |
| 30 | Diem, L. | 780 | 0 | 0% | 0% | |
| 31 | Steger, S. | 1086 | 0 | 0% | 0% | |
| 32 | Iqari, R. | 1111 | 0 | 0% | 0% | |
| 33 | Wynsma, J. | 1749 | 0 | 0% | 0% | |
| 34 | Hallett, J. | 2066 | 0 | 0% | 0% | |
| 35 | Madden, M. | 3979 | 0 | 0% | 0% | |
| 36 | Wynsma, Eric | 4070 | 0 | 0% | 0% | |
| 37 | Wynsma, Ella | 4976 | 0 | 0% | 0% | |
| 38 | Dean, A. | 5226 | 0 | 0% | 0% | |
| 39 | Ranger, B. (Radial) | 5876 | 0 | 0% | 0% | |
| 40 | Koenan, | 6135 | 0 | 0% | 0% | |
| 41 | Grabowski, D. | 7846 | 0 | 0% | 0% | |
| 42 | O'Daugherty, R. | 8709 | 0 | 0% | 0% | |
| 43 | Dicke, Nicholas | 8807 | 0 | 0% | 0% | |
| 44 | Olson, W. | 9040 | 0 | 0% | 0% | |
| 45 | Miller, C. | 9973.5 | 0 | 0% | 0% | |
| 46 | Dudley, Tim | 8124 | 0 | 0% | 0% | |
| 47 | Swenson, Chris | 5918 | 0 | 0% | 0% | |
| 48 | Chappel, Heather | 9999 | 0 | 0% | 0% | |
| 49 | | | 0 | 0% | 0% | |
| 50 | | | 0 | 0% | 0% | |
| 51 | | | | | | |

# Laser Scores 2023

**Standings**   Races   Roster   Results   Setup

| **As of Race Date: 9/4/23** | **Scoring:** High Point | | | |

**OVERALL STANDINGS**   Total # of Races: **46**

| Place | Skipper* | Sail # | Pnts | %Pts | %Sail | Sailed |
|---|---|---|---|---|---|---|
| 1 | Forton, C. | 7976 | 231.5 | 90% | 72% | 33 |
| 2 | Jeffrey, R. | 4179 | 195.5 | 65% | 80% | 37 |
| 3 | Hallett, J. | 2066 | 180.5 | 77% | 61% | 28 |
| 4 | Jones, S. | 4921 | 175 | 77% | 63% | 29 |
| 5 | VanderGround, J. | 9973 | 166.5 | 65% | 70% | 32 |
| 6 | McGovern, KC | 7641 | 129.5 | 88% | 41% | 19 |
| 7 | Feyen, H. | 1992 | 119.5 | 65% | 50% | 23 |
| 8 | Walker, T | 1533 | 57.5 | 30% | 50% | 23 |
| 9 | Hoefer, B. | 7579 | 55.5 | 27% | 57% | 26 |
| 10 | Decker, D. | 8657 | 44 | 83% | 13% | 6 |
| 11 | Pimm, Jake | 9716 | 37.5 | 42% | 24% | 11 |
| 12 | Sanborn, J. | 1028 | 37 | 43% | 22% | 10 |
| 13 | Berens, S. | 5367 | 30 | 42% | 15% | 7 |
| 14 | Gould, C. | 8027 | 24.5 | 66% | 13% | 6 |
| 15 | Swenson, Chris | 5918 | 22 | 37% | 15% | 7 |
| 16 | Smith, H. | 2923 | 20 | 34% | 13% | 6 |
| 17 | Tilton, S. | 8211 | 19.5 | 42% | 13% | 6 |
| 18 | Diem, L. | 780 | 19 | 95% | 4% | 2 |
| 19 | Grabowski, D. | 7846 | 17 | 46% | 11% | 5 |
| 20 | Dean, A. | 5226 | 16 | 29% | 13% | 6 |
| 21 | Mallet, Claire | 4503 | 14.5 | 20% | 20% | 9 |
| 22 | Ranger, Bill | 727 | 14.5 | 23% | 15% | 7 |
| 23 | Unknown Skipper | 7474 | 13 | 59% | 4% | 2 |
| 24 | Hiller, C | 6149 | 11 | 26% | 11% | 5 |
| 25 | Cunningham, K. | 8413 | 11 | 20% | 13% | 6 |
| 26 | McMahon, Pat | 399 | 10.5 | 31% | 13% | 6 |
| 27 | Mead, M. | 6588 | 8 | 18% | 13% | 6 |
| 28 | O'Daugherty, R. | 8709 | 7 | 78% | 2% | 1 |
| 29 | Feyen, Matt | 7020 | 6 | 50% | 4% | 2 |
| 30 | Hammel, J. | 5406 | 5 | 56% | 2% | 1 |
| 31 | Dudley, Tim | 8124 | 4 | 25% | 4% | 2 |
| 32 | Vanderploeg, N. | 399.1 | 3 | 14% | 4% | 2 |

Published by Google Sheets – Report Abuse – Updated automatically every 5 minutes

**B.  Grand Rapids Yacht Club Board of Directors:**

Magistrate Berens holds governance roles with the Grand Rapids Yacht Club ("GRYC"), serving on the GRYC Board of Directors as a Director and as the Membership Committee Chair. The Officers (Board of Directors) are elected by a vote of shareholders.



*Directorial Role*:

Magistrate Judge Berens' duties as a director include managing the business and affairs of GRYC, which directly affect all members and their interests, including those of Defendants Thomas C. Walker and Gosia Walker.

*Membership Committee Chairperson Role*:

As the chair of the Membership Committee, Berens influences decisions regarding membership applications, renewals, and disciplinary actions.

**GRYC Board of Directors**

⚓ **Commodore**
John Timmermans
⚓ **Vice Commodore, Website and Scoring Committee Chair, Boats & Docks Committee Chair**
Jason Pursell
⚓ **Rear Commodore, Secretary, Racing Committee Chair, Boats & Docks Committee**
Keith Councell
⚓ **Director, Treasurer**
Al Vorel
⚓ **Director, Membership Committee Chair**
Sally Berens
⚓ **Director, Social and Awards Committee Chair**
Mindy Miller
⚓ **Director, Rental Committee Chair**
Janet Rose
⚓ **Director, House/Grounds & Caretakers Committee Chair, Kayak/Canoe Committee Chair**
Randy Meulenberg
⚓ **Director, Racing Committee**
Mike Weessies
⚓ **Director, House/Grounds & Caretakers Committee**
Brett Zylstra

*Grand Rapids Yacht Club Bylaws:*

The club's bylaws grant substantial powers to shareholders, including the right to a vote on decisions of significance, such as club dues, assessments, and real estate transactions. (See **EXHIBIT A** as GRYC's Bylaws).



## ARGUMENT

**I.      Disqualification is warranted under 28 U.S.C. § 455(b)(1), (4), (5)(i) and (5)(iii) on the grounds that Magistrate Berens' fiduciary and governance roles at GRYC—an exclusive club where Defendants Thomas C. Walker and Malgorzata Gosia Walker are voting members /  shareholders—constitute an intolerable conflict of interest.**

Magistrate Judge Berens' governance roles at GRYC and her fiduciary responsibilities directly affect the interests of Defendants Thomas and Gosia Walker.

Magistrate Judge Sally J. Berens serves on the Board of Directors as a Director and as the Membership Committee Chairperson at Grand Rapids Yacht Club, where Defendant Thomas C. Walker is a voting member and shareholder. The club's bylaws grant "families of shareholders, social members and intermediate members shall have the same privileges as the member with whom they reside," thus, Defendant Malgorzata ("Gosia") Walker falls under the same umbrella.

Therefore, Magistrate Berens is disqualified from presiding over this matter and is explicitly required to recuse herself under the plain language of 28 U.S.C. § 455(b)(5)(i) which provides that recusal is mandatory when a judge or magistrate is "an officer, director, or trustee of a party."

Magistrate Berens' fiduciary responsibilities also require her to act in the best interests of the club and its members, establishing a substantial shared extrajudicial and/or personal interest and a governance connection to Defendants Thomas C. Walker and Gosia Walker.

These decisions impact the rights and obligations of all voting members, including Defendants Thomas C. Walker and Gosia Walker.

These roles involve overseeing club management, managing the club's business affairs, decision-making, and membership matters. Defendant Thomas C. Walker, as a voting member and

shareholder, is subject to the governance and policies set forth by the board of directors, including Magistrate Berens.

The GRYC is a stock based non-profit club. Magistrate Berens and Thomas C. Walker both own corporate stock. As shareholders, voting members, and with Magistrate Berens as an elected officer, they have a significant role in how the club's money is spent, how the club is run, and other business and operational matters. Accordingly, Magistrate Berens shares personal financial interest Defendants Thomas C. Walker and Gosia Walker.

Relatedly, Magistrate Berens has a legitimate interest in maintaining her elected position in the GRYC. As explained in the bylaws, the club elects its officers by an annual shareholder vote. Thus, Magistrate Berens relies on winning voting member/shareholder's votes, including the votes of Defendants Thomas C. Walker and Gosia Walker.

In *Liljeberg*, the Supreme Court concluded that a judge who was a trustee of a university needed to recuse themselves from a case where the university had an interest, despite the university not being a party to the case. Likewise, the circumstances here constitute conflicts of interest under 28 U.S.C. § 455(b)(1), (4), (5)(i) and (5)(iii), and the proper remedy is disqualification.

## II.    Recusal is required under 28 U.S.C. § 455(a) due to Magistrate Berens' personal relationships with parties and material witnesses involved in this lawsuit which create an objective appearance of bias and where the probability of actual bias is too high to be constitutionally tolerable.

Magistrate Judge Sally J. Berens several personal connections with individuals directly involved in this case and who have a substantial interest in the outcome of this case that cast reasonable doubts on her ability to impartially preside over the matter.

### A.  Magistrate Berens' Direct Personal Relationship with Material Witness Mr. Paul Bacarella

In or around August 2021, (a time frame highly pertinent to the events giving rise to this lawsuit) Magistrate Judge Berens went on a date with Mr. Paul Bacarella, a material witness in this case.

Mr. Bacarella is an ex-boyfriend of Defendant Malgorzata ("Gosia") Walker, a close friend of Ms. Martin, and a fellow victim of Thomas C. Walker and Gosia Walker. Paul and Gosia's on again-off again relationship began in 2019 and has overlapped with:

1) Ms. Martin's employment as a legal assistant/paralegal at Defendant Henn Lesperance PLC;

2) Defendant Gosia Walker's employment as the Head of HR/Office Manager of Defendant Henn Lesperance PLC; and

3) Defendant Gosia Walker's extramarital affair with one or more co-defendants, including Defendant Kevin Lesperance, managing partner/co-owner of Defendant Henn Lesperance PLC.

Mr. Bacarella's insights and testimonies are pivotal and could be decisive in the outcome of this case. This personal interaction alone casts a reasonable doubt on her ability to remain impartial, especially when Mr. Bacarella's testimony could be decisive in the outcome of this case.

**B.  Magistrate Berens' Longstanding Friendship with David Edsenga**

Magistrate Berens has a longstanding friendship with Mr. David Edsenga, general counsel to Irish Roofing & Exteriors, a client of Defendant HL PLC.

David Edsenga is the brother of Mr. Patrick Edsenga. Patrick Edsenga is a close friend and colleague of Defendant Andrew Cascini, and former colleague of Ms. Martin. Mr. Patrick Edsenga,

Mr. Cascini, and Ms. Martin worked together in the employment law section at Miller Johnson until 2019.

As a client of Defendant HL PLC, David Edsenga has significant interest in shielding Defendants and their law firm from exposure of wrongdoing and thus has a direct interest in the outcome of this litigation. Magistrate Berens' close friendship with David Edsenga raises concerns about potential undue influence on Magistrate Berens' judicial decisions.

Further complicating matters, Irish Roofing & Exteriors' President, Mr. Larry Sidebotham—a close friend of Defendant Kevin Lesperance—will be a material witness in this case. On the evening of Ms. Martin's abrupt and unjust termination, Defendant Kevin Lesperance made calls to Mr. Sidebotham, seeking assistance in managing the unfolding PR crisis. Kevin Lesperance also solicited damaging information about Ms. Martin and her father, apparently under the impression that Mr. Sidebotham was acquainted with them.

Additionally, Defendant Gosia Walker, using the alias @HannahTreeClimber, explicitly named and implicated Ms. Cassie Webb Sidebotham and Mr. Larry Sidebotham as the authors and senders of "the letter" in Instagram messages to Ms. Martin. Pretending to be a fellow victim of the "good ole boys club," Gosia Walker posed as an "anonymous source" and former paralegal. The Instagram messages, which initially appeared to be from a sympathetic source, were later revealed to be from HR/Office Manager Defendant Gosia Walker using a fake identity to further harass, retaliate, defraud, terrorize, stalk, and sabotage Ms. Martin.

## C. Magistrate Berens' personal relationship and "recent collaboration" with Ms. Cathy Tracey:

For similar but less flagrant reasons than the ones present in this case, Magistrate Berens recently recused herself in *Mead v. Rockford Public School District*, 1:23-cv-01313, (W.D. Mich.).

On January 9, 2024, Catherine A. Tracey of Miller Johnson law firm entered an appearance on behalf of defendants Rockford Public School District and Rockford Public Schools' Board of Education.

Magistrate Berens immediately recused herself from the case. The January 10, 2024, Order is attached as **EXHIBIT B**.

In relevant part, the Order states:

"I recuse myself under 28 U.S.C. § 455(a) because my impartiality might be reasonably questioned based on a recent collaboration with one of the attorneys now appearing in the case."

Cathy Tracey is a friend and colleague of Defendant Andrew Cascini and Mr. Patrick Edsenga, and a former colleague of Ms. Martin. Ms. Tracey, Mr. Patrick Edsenga, Mr. Cascini, and Ms. Martin worked together in the employment law section at Miller Johnson until 2019.

In 2015, Ms. Tracey was the lead attorney for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in an explosive Title IX lawsuit over the district's response to a student's report in 2010 that she had been sexually assaulted by another student.

The student, Jane Doe, filed a federal lawsuit against ▮▮▮, (former) Superintendent Daniel Behm, (former) ▮▮▮▮▮▮▮▮▮▮ principal Terry Urquhart, and (former) assistant superintendent and Title IX coordinator *Anne Edsenga*. (Indeed, Anne Edsenga is the mother of Mr. David Edsenga and Mr. Patrick Edsenga). ▮▮▮ settled the case for $600,000 in June 2015.

Ms. Martin was a student at ▮▮▮▮▮▮▮▮▮ during all of this.

**D. The extensive connections between this case and ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ further necessitate recusal.**

This case is highly intertwined with ███████████████████ as Plaintiff, Ms. Martin, is inherently enmeshed with the district and because the events giving rise to the claims of this lawsuit involve several ████ employees, including Ms. Martin's mother and stepfather, as well as other students, alumni, and families. Accordingly, there is a high probability that ████ employees will become named defendants in this case, otherwise they will certainly be deposed and called as material witnesses.

Indeed, Magistrate Judge Sally J. Berens recused herself in another recent case involving ██████████████████, (specifically ████████████: ████████████████████ ████████████████████████████████████████████). The case is *United States v. Arkesteyn*, 1:24-mj-00118, (W.D. Mich.). The March 22, 2024, Order is attached as **EXHIBIT C**.

In relevant part, the Order states:

> "Based on facts I have learned after the entry of the criminal complaint and the initial appearance in this matter on March 20, 2024, I recuse myself under 28 U.S.C. § 455(a)."

This case involves a █████████████████ employee, Bradley Arkesteyn. Bradley Arkesteyn was charged and indicted by a Grand Jury on violations of distribution or receipt of child pornography (18 U.S.C.§ 2252A(a)(2)) and possession of child pornography (18 U.S.C. § 2252A(a)(5)(B)).

Arkesteyn was employed by ████ as a janitor, "assigned to work in the ███████ ██████ attendance area and spent most of his time working at ██████████████ ████████████ and █████████, as well as limited time at ███████████████ ████████████████.

Ms. Martin's contentious relationship with ████████ further complicates this matter. Without burdening the Court with the extremely complex and explicit background, it is an inherent fact that anyone with more than a remote connection to ███████████████ cannot meet the appearance of a fair or impartial decision-maker in this case.

Ms. Martin's mother, Caroline ("Carie") Skinner Kuhn, and stepfather, Jeffrey Brian Kuhn, have been employed as teachers at ████████████ for over 25 years.

Ms. Martin's mother and stepfather and their ████████████ teacher colleagues, like Tonja Bogema, are directly implicated in the actions giving rise to this lawsuit, which indicates that they will be adverse parties and/or material witnesses in this case.

Ms. Martin's mother and stepfather also have a vested personal and financial interest in the outcome of this case, and sadly their objectives are aligned with those of Defendants.

████████ has a vested interest in shielding its employees, such as Ms. Martin's mother and stepfather, from exposure of criminal activity and misconduct, further complicating the dynamics.

Magistrate Judge Berens' ████████████████████████████████████████████████████████████.

Given the fact that Ms. Martin's mother, stepfather, and/or their accomplices have been and/or will be ████████████████ it is objectively reasonable to question whether Magistrate Berens might be biased towards or unduly influenced to sway her decisions in the favor of ████████████████████████, or avoid ruling against them.

Magistrate Berens' ████████████████ Ms. Martin's stepbrother(s) and Defendant

Bill Henn███████, raising even further concerns about her ability to remain impartial within

such a closely-knit community.

**E. Disqualification is warranted under 28 U.S.C. § 455(a) on the grounds that Magistrate Berens' impartiality might reasonably be questioned: The depth of the personal connections between Magistrate Berens and individuals directly involved in this litigation creates a legitimate perception that her judicial decisions could be unduly influenced by external, non-judicial considerations.**

In conclusion, while none of the individual relationships may independently mandate recusal under 28 U.S.C. § 455(b), the totality of circumstances presents a scenario in which a reasonable, objective person, knowing all the facts, would question Magistrate Berens' impartiality. As noted by the Sixth Circuit, "[T]he question under § 455(a) is whether judge's personal or community associations are of such character that they would cause informed, reasonable observer to believe that judge could not set them aside when judging dispute. 28 U.S.C.A. § 455(a)." *Garrett v. Ohio State University*, 60 F.4th 359 (6th Cir. 2023) (citations omitted).

These relationships, particularly within a closely-knit community and given the sensitive nature of the allegations, collectively create an appearance of bias that is incompatible with the principles of judicial fairness and impartiality.

The critical inquiry is not whether the court is capable of impartially presiding over the case, rather the statute requires recusal in any case in which the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Thus, this perception is enough to warrant recusal under 28 U.S.C. § 455(a) to ensure that the proceedings are conducted with the utmost fairness and without any appearance of bias or prejudice.

## CONCLUSION AND RELIEF SOUGHT

Given the outlined facts and pursuant to the legal standards governing judicial disqualification, it is both prudent and necessary for Magistrate Judge Sally J. Berens to recuse herself from the present case. Doing so will preserve the integrity of the judicial process, ensure a fair and impartial trial, and promote the public's confidence in the judiciary.

**WHEREFORE**, Plaintiff Brittany E. Martin respectfully requests Magistrate Judge Sally J. Berens recuse herself from further participation in this case, in accordance with the plain and clear language of 28 U.S.C. § 455, or in the alternative, that this Motion to Recuse be transferred to another judge for a decision on the merits.

Respectfully submitted,

Brittany E. Martin
*Plaintiff*

Dated:   May 30, 2024               By:   /s/ Brittany E. Martin

**Brittany E. Martin,** *in Pro Se*
23 College Ave. SE, APT. 18
Grand Rapids, MI 49503
(616) 822-9423
bmartin0211@outlook.com