UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**BRITTANY E. MARTIN,**

                Plaintiff,        Case No.: 1:24-cv-00072

v.

                                  HON. Hala Y. Jarbou

**HENN LESPERANCE PLC.,** *et al.,*

                Defendants.

---

## **PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR ISSUANCE OF SUMMONS AND SERVICE OF PROCESS TO NEW DEFENDANTS THOMAS C. WALKER, WILLIAM HENN, AND ANDREW CASCINI**

    Plaintiff, Ms. Brittany E. Martin, respectfully submits this Brief in Support of her Motion for Issuance of Summons and Service of Process to New Defendants Thomas C. Walker, William Henn, and Andrew Cascini. Ms. Martin seeks an order directing the Clerk of Court to issue summons to the new defendants named in her First Amended Complaint (ECF. No. 17), namely Thomas C. Walker, William Henn, and Andrew Cascini, and order service of process by the United States Marshal Service on the new defendants pursuant to the Court's January 29, 2024, Order (ECF No. 5).

### **INTRODUCTION**

    Pursuant to the Court's May 24, 2024, Order (ECF No. 45) granting Ms. Martin's Appeal (ECF No. 27) and vacating of Magistrate Berens' unlawful Order, PageID.1433, Ms. Martin's First Amended Complaint is the operative complaint. The Court has further recognized this by setting a briefing schedule for various motions related to the First Amended Complaint, including Defendants' motions to strike, seal, and dismiss the First Amended Complaint. Despite this, Ms.

Martin's attempt to submit proposed summons for the new defendants was rejected (ECF No. 67) on the basis that the FAC "has not yet been restored to the public docket pursuant to Order [45]."

The Court's Order allows for additional briefing before the FAC is "restored to the public docket", but this does not negate the fact that the FAC is the operative complaint, and thus, the new defendants need to be served without delay.

Proceeding without serving the new defendants is not only prejudicial to Ms. Martin and the new defendants but will also lead to fragmented litigation, repetitive motions, and duplicative hearings, wasting both judicial resources and the parties' time.

## **PROCEDURAL BACKGROUND**

Ms. Martin initially filed her original complaint on January 26, 2024. (ECF No. 1).

On March 21, 2024, Defendants filed a motion to dismiss. (ECF No. 14).

Subsequently, Ms. Martin filed her First Amended Complaint ("FAC") on April 12, 2024, which included the addition of three new named defendants: Thomas C. Walker, William Henn, and Andrew Cascini. (ECF No. 17, entered on April 15, 2024).

The very next day, on April 16, 2024, Magistrate Berens issued a sua sponte Order (ECF No. 19) striking Ms. Martin's First Amended Complaint as "improperly filed".

On May 6, 2024, Ms. Martin filed an appeal of Magistrate Berens' decision to strike her amended complaint. (ECF No. 27).

On May 24, 2024, Chief Judge Hala Y. Jarbou granted Ms. Martin's Appeal, finding Magistrate Berens' Order that had struck Ms. Martin's FAC to be "contrary to law", because Ms. Martin's FAC was indeed properly filed pursuant to Fed. R. Civ. P. 15(a)(1)(B). (ECF No. 45).

Chief Judge Jarbou's Order vacated Magistrate Berens' Order, thereby establishing the FAC as the operative complaint.

On June 3, 2024, Ms. Martin submitted completed proposed summons to be issued for the new defendants named in her First Amended Complaint. (ECF No. 67)

Shortly after, Ms. Martin received notice that her proposed summons had been rejected:

"Docket Text: SUMMONS NOT ISSUED as to Thomas C. Walker, William Henn, and Andrew Cascini (re Proposed Summons [67]) as the First Amended Complaint has not yet been restored to the public docket pursuant to Order [45]"

Accordingly, this motion and brief follows.

## **LEGAL AUTHORITY**

Fed. R. Civ. P. 1 and W.D. Mich. LCivR 1.6 emphasize the Court's commitment to efficient operations and the just, speedy, and inexpensive determination of actions.

Fed. R. Civ. P. 4(b) and W.D. Mich. LCivR 77.3 govern issuance of process, the former providing "on or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons-or a copy of a summons that is addressed to multiple defendants-must be issued for each defendant to be served," and the latter supporting: "[A]ny party requesting the issuance of any process or who initiates any proceeding in which the issuance of process is required by statute, rule or order, shall prepare all required forms, including the following: (a) summons…The party where necessary shall present the process to the clerk for signature and sealing." W.D. Mich. LCivR 77.3.

Fed. R. Civ. P. 15(c)(1) governs "relation back" of amendments to pleadings and provides that when "the amendment changes the party or the naming of the party against whom a claim is

asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

W.D. Mich. LCivR 3.4 and 4.1(1) govern "In forma pauperis proceedings" and provides the procedure for issuance and service of process when petition for leave to proceed in forma pauperis is granted and service is to be performed by the U.S. Marshals Service.

**ARGUMENT**

**A. Ms. Martin's First Amended Complaint is the operative complaint in this lawsuit.**

Plaintiff's First Amended Complaint, filed on April 12, 2024, is currently the operative complaint following the Court's May 24, 2024, Order (ECF No. 45), granting Ms. Martin's Appeal of Magistrate Berens' Order, finding that "the magistrate judge's decision was contrary to law" PageID.1433 and vacating Magistrate Berens' Order to strike PageID.1433 thereby establishing the First Amended Complaint as the operative complaint.

The Court has acknowledged the FAC's operative status by setting a briefing schedule for motions related to the FAC.

**B. Prompt issuance of summons and service of process to the new defendants is necessary to comply with procedural rules.**

Under Fed. R. Civ. P. 4, Ms. Martin has a legal obligation to serve all defendants named in the complaint. Compliance with this rule ensures that all parties are promptly notified and can

engage in the litigation process without unnecessary delays. It will also reaffirm that Ms. Martin's amendments meet all of the elements required for relation back of amendments under Rule 15(c)(1).

**C. Delaying the issuance of summons to the new defendants until all motions are fully briefed and adjudicated by only the original defendants directly contradicts the Court's objectives and unfairly prejudices Ms. Martin.**

Deferring the involvement of the new defendants prevents them from participating in the initial stages of litigation, including crucial motions to strike, seal, or dismiss the FAC. Their absence in these early proceedings undermines the comprehensive evaluation of all arguments and defenses pertinent to the case, resulting in an incomplete and potentially biased adjudication.

This approach poses additional significant issues, outlined below:

   **a. Proceeding without serving the new defendants directly contradicts the Court's objectives relating to judicial economy and efficiency.**

This approach directly contradicts the Court's objectives to "promote the efficient operation of the Court" and "secure the just, speedy and inexpensive determination of every action" under Fed. R. Civ. P. 1 and supported by W.D. Mich. LCivR 1.6.

Delaying the service of the new defendants will result in a bifurcated litigation process, requiring the Court and Ms. Martin to manage two separate tracks of proceedings. This will lead to repetitive motions, duplicative briefings, and multiple hearings on similar issues, thereby overburdening the Court and wasting judicial resources.

Issuing summons now will streamline the litigation process, allowing all defendants to participate in upcoming motions and responses. This approach prevents the need for redundant

litigation stages and ensures a more efficient resolution of the case, in alignment with the Court's objectives under Fed. R. Civ. P. 1 and W.D. Mich. LCivR 1.6.

### b. Proceeding without serving the new defendants is prejudicial to Plaintiff:

Ms. Martin's litigation strategy depends on the inclusion of all relevant parties from the outset. By delaying the service of the new defendants, Ms. Martin is deprived of the opportunity to address all issues in a unified manner. This staggered approach to litigation increases the complexity and duration of the case, causing undue prejudice to Ms. Martin.

### c. Proceeding without serving the new defendants is prejudicial to new defendants:

The new defendants have a right to be informed and participate in the litigation at the earliest possible stage. Delaying their service denies them the opportunity to prepare and respond to the allegations in a timely manner.

### D. Plaintiff's Pending Motion for Recusal or Disqualification of Magistrate Judge Sally J. Berens should be decided expeditiously to preserve the fairness of the case and integrity of the judicial process.

Additionally, Ms. Martin asserts that Plaintiff's Motion for Recusal or Disqualification of Magistrate Judge Sally J. Berens (ECF Nos. 47, 60, 62) should be promptly addressed because if recusal or disqualification is necessary, allowing Magistrate Judge Sally J. Berens to continue presiding over decisions in this case would result in significant prejudice against Ms. Martin, deteriorate the public's confidence in the justice system, and erode of the integrity of these proceedings.

## CONCLUSION

For the reasons outlined above, it is necessary for the fairness and efficiency of the case that all named defendants be served and participate in the proceedings from the outset. Ms. Martin respectfully requests the Court grant this motion to issue summons and service of process on the new named defendants without further delay.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff, Ms. Brittany E. Martin, respectfully requests this Honorable Court direct the Clerk of Court to issue summons for the new defendants named in the First Amended Complaint: Thomas C. Walker, William Henn, and Andrew Cascini, and order service of process by the United States Marshal Service on the new defendants pursuant to the Court's January 29, 2024 Order (ECF No. 5), and grant her any such other and further relief the Court deems just and proper.

Respectfully submitted,

Brittany E. Martin
*Plaintiff in Pro Se*

Dated:  June 4, 2024           By:  /s/ Brittany E. Martin
                                    **Brittany E. Martin,** *in Pro Se*
                                    23 College Ave. SE, APT. 18
                                    Grand Rapids, MI 49503
                                    (616) 822-9423
                                    bmartin0211@outlook.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3(b)(i)**

This Brief complies with the word count limit of W.D. Mich. LCivR 7.3(b). This brief was written using Microsoft Word Office 365 and has a word count of 1,659 words.

                                                        Respectfully submitted,

                                                        Brittany E. Martin
                                                        *Plaintiff in Pro Se*

Dated: June 4, 2024                      By:  /s/ Brittany E. Martin
                                                       **Brittany E. Martin,** *in Pro Se*
                                                         23 College Ave. SE, APT. 18
                                                         Grand Rapids, MI 49503
                                                         (616) 822-9423
                                                         bmartin0211@outlook.com