UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BRITTANY E. MARTIN,

    Plaintiff,

v.                                                                                                  Hon. Hala Y. Jarbou

HENN LESPERANCE PLC, et al.,                                            Case No. 1:24-cv-72

    Defendants.

**ORDER**

Plaintiff has filed a motion (ECF No. 47) requesting that I recuse myself from presiding over further matters in this case based on "direct conflicts of interest and because recusal is required to avoid even the appearance of bias." (*Id.*, PageID.1452.) Her motion does not provide a basis for recusal. However, since its filing, I have become aware of additional information that warrants my recusal pursuant to 28 U.S.C. § 455(a) and (b)(1).

A court's statutory obligation to recuse is set forth in 28 U.S.C. § 455. *See Ragozzine v. Youngstown State Univ.*, 783 F.3d 1077, 1080 (6th Cir. 2015). Section 455(a) provides that "[a]ny justice, judge or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." A judge must also recuse "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Plaintiff's motion also references 28 U.S.C. § 455(b)(4), and (5)(i), which require recusal when the judge "has a financial interest in the subject matter in controversy or in a party to the proceeding" or "[i]s a party to the proceeding, or an officer, director, or trustee of a party."

"A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992) (citation omitted). A party seeking recusal may not rely on "conclusory, unsupported, or tenuous allegations," but must provide "clear and convincing evidence" that recusal is warranted. *United States v. Nixon*, 267 F. Supp. 3d 140, 147 (D.D.C. 2017).

The Sixth Circuit applies an objective standard to recusal under Section 455. *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). "A district judge is required to recuse himself only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id.* (internal quotations omitted). When Section 455(b)(1) is urged as the basis for recusal, "the issue is whether 'a reasonable person would be convinced the judge was biased.'" *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002) (quoting *Lac du Flambeau Indians v. Stop Treaty Abuse-Wis., Inc.*, 991 F.2d 1249, 1255 (7th Cir. 1993) (citations omitted)). The objective standard "is not based on the subjective view of a party." *Wheeler*, 875 F.2d at 1251 (citation omitted). To justify disqualification, bias must be a personal one, rather than one arising from the judge's view of the law. *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983). Generally, "'[p]ersonal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003).

"Although a judge is obliged to disqualify himself when there is a close question concerning his impartiality, *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993), he or she has an equally strong duty to sit where disqualification is not required, *Laird v. Tatum*, 409 U.S. 824, 837 (1972) (separate memorandum of Rehnquist, J.) (collecting cases)." *United States*

2

*v. Angelus*, 258 F. App'x 840, 842 (6th Cir. 2007). "[A] judge once having drawn a case should not recuse himself on a unsupported, irrational, or highly tenuous speculation; were he or she to do so, the price of maintaining the purity of appearance would be the power of litigants or third parties to exercise a negative veto over the assignment of judges." *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981); *see also Bryce v. Episcopal Church in the Diocese of Col.*, 289 F.3d 648, 659 (10th Cir. 2002) ("[A] judge also has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."). Indeed, "[i]n the wrong hands, a disqualification motion is a procedural weapon to harass opponents and delay proceedings. If supported only by rumor, speculation, or innuendo, it is also a means to tarnish the reputation of a federal judge." *United States v. Microsoft Corp.*, 253 F.3d 34, 108 (D.C. Cir. 2001) (en banc) (per curiam).

Although I will grant the motion, it is worth noting briefly that my decision is not based on any of the reasoning set out in Plaintiff's motion. She appears to have combed the internet and filings in other cases in this Court in an attempt to draw largely unwarranted connections. Indeed, the lengths to which Plaintiff has gone to attempt to research my background suggest an unusual and unseemly interest in disqualifying a jurist.[1] Her speculation is largely factually incorrect or

---

[1] The Court struck and removed the brief Plaintiff filed in support of her motion (allowing a redacted version) because it contained personal information regarding the undersigned's minor children. (ECF No. 51, PageID.1495.) She re-filed this same information publicly on June 25, 2024. (ECF No. 77, PageID.1768-69.) The Court has sealed that document by separate order and admonished Plaintiff that publication of personal information regarding a judge or her family is inappropriate and may result in sanctions, including contempt. It appears this is not the first instance in which a Court has warned Plaintiff regarding inappropriate behavior toward a judge and staff. (*See* ECF No. 15-5, PageID.124-25.) Defendants attach an order and correspondence from Circuit Court Judge Rossi in the 17th Circuit Court admonishing Plaintiff not to mention "any 17th Circuit Court staff members' family/friends/acquaintances via email or social media." (PageID.125.)

overstates a connection, and her conclusions do not follow. In any case, no association Plaintiff alleges would require recusal in this case.

### 1. The Court has no basis to recuse under Section 455(b)(5)(i).

Plaintiff argues, primarily, that I am a "director" of Defendants Thomas C. Walker and Malgorzata Walker, constituting a conflict of interest under 28 U.S.C. § 455(b)(5)(i). She claims that, because I serve as a director of a local fraternal organization, of which those Defendants are members, I am therefore a "director" of a party. That is a non sequitur. Serving as a director of an organization does not make a judge a "director" of all of the hundreds of member families of the organization. Recusal is not required under Section 455(b)(5)(i). Nor do I have any "financial interest in the subject matter in controversy or in a party to the proceeding" as a result of being a director of a social organization of which the Walkers are members. 28 U.S.C. § 455(b)(4). Nothing about my fiduciary responsibilities as a director of that organization extend to any interest in the Walkers' personal finances. *Cf.* 28 U.S.C. § 455(d)(3) & (4).

In fact, to my knowledge, I am not acquainted with Thomas and Malgorzata Walker. While I cannot rule out the possibility that I may have spoken with one or both of them at some point in time, I am not aware that I ever have. I would not recognize them if we were in the same location. Certainly, I am not acquainted with them in some way that would reasonably call into question my impartiality in this case.

### 2. Plaintiff's speculative assertions regarding connections are not a basis for recusal.

As a secondary argument, Plaintiff claims that I have numerous connections to this case because I know people Plaintiff argues are parties or will be witnesses in this case. While it is not necessary for the Court to debunk every connection Plaintiff suggests, even a few examples demonstrate the folly of attempting to draw conclusions based on information gleaned from the

4

internet or second- or third-hand. For example, my decision to recuse myself in *Mead v. Rockford Public School Dist.*, 1:23-cv-1313 (W.D. Mich.), was not based on any relationship with Catherine A. Tracey. To my knowledge, I am not acquainted with Ms. Tracey. The order in that case references a collaboration with a different attorney. Similarly, I have never raced the laser sailboat listed in the screenshot Plaintiff includes at PageID.1536-38. As noted above, I do not know Defendant Thomas Walker.

Plaintiff overstates both (1) the significance of relationships she suggests I have had with individuals she believes are connected to this case, and (2) the relevance of that connection to this matter. For example, while it is true that I have been acquainted with David Edsenga for many years, we are not close friends and, over the last decade, have met each other by chance only occasionally. Plaintiff suggests only attenuated connections between Mr. Edsenga and this case: his employer is a client of Defendant Henn Lesperance PLC, his brother knows a defendant, and his colleague might be a witness in the case. Such loose connections, without more, are insufficient to demonstrate a basis for recusal. Similarly, to my knowledge, I met Paul Bacarella only once about three years ago. We did not discuss anything remotely relevant to these proceedings, and I have not spoken with him since. Nothing about that brief interaction would render me less than impartial if he were a witness in this case. Likewise, there is no basis for me to recuse myself from a case involving the school district in which Plaintiff suggests I live. Nothing in Plaintiff's brief demonstrates a familiarity that would render me incapable of impartiality in the case. I do not know her mother or stepfather, and I am unaware of any connection between either of them and anyone in my family. Plaintiff is also mistaken in her assumption regarding the basis for my recusal in *United States v. Arkesteyn*, 1:24-mj-118 (W.D. Mich.).

Rather than demonstrating a basis for recusal, Plaintiff has displayed what appears to be an excessive interest in attempting to string together suppositions to discredit a judge who has ruled against her.

### 3. Basis for recusal

Nonetheless, after Plaintiff filed her motion, I became aware of other information regarding the case that might cause a reasonable and informed observer to question my impartiality. While it is a close question, in my view, my awareness of that information requires my recusal under 28 U.S.C. § 455(a) and (b)(1) from further participation in this case. The Clerk of Court shall reassign this case to another magistrate judge in accordance with the approved procedure.

IT IS SO ORDERED.

Dated: June 27, 2024  /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge