## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

**BRITTANY E. MARTIN,**

                    Plaintiff,

v.

**HENN LESPERANCE PLC., _et al.,_**

                    Defendants.

Case No.: 1:24-cv-00072

HON. Hala Y. Jarbou
Magistrate Ray Kent

---

**Brittany E. Martin**
_Plaintiff_ in Pro Se
(616) 822-9423
23 College Ave. SE, APT. 18
Grand Rapids, MI 49503
bmartin0211@outlook.com

**Lee T. Silver (P36905)**
**Michael L. Gutierrez (P79440)**
**Daniel J. Hatch (P79258)**
**Tyler A. Burk (P85077)**
**BUTZEL LONG, PC**
_Attorneys for_ Henn Lesperance PLC,
Kevin Lesperance, Malgorzata
("Gosia") Walker, and Roy H. Johnson
300 Ottawa Ave. NW, Suite 620
Grand Rapids, Michigan 49503
silver@butzel.com
gutierrez@butzel.com
hatchd@butzel.com
burkt@butzel.com

---

## \*\*\*EXPEDITED CONSIDERATION REQUESTED\*\*\*

---

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO EXCEED WORD COUNT LIMIT IN RESPONSE TO DEFENDANTS' MOTION TO STRIKE AND SEAL PLAINTIFF'S FIRST AMENDED COMPLAINT

## I.    Introduction

Defendants' motion seeks to strike and seal Ms. Martin's First Amended Complaint to suppress the truth and uphold their false narrative. Defendants have lumped together extensive sections of Ms. Martin's First Amended Complaint ("FAC") (ECF No. 17) under broad, generic statutory language of various rules, failing to articulate specific defects or connect them to particular paragraphs, pages, or exhibits of the FAC.

To effectively respond, Ms. Martin needs to refute Defendants' broad claims and demonstrate the relevance, propriety, and materiality of the contested content with sufficient facts and context.

Ms. Martin has made diligent efforts to present her response in a clear and comprehensive manner within the 4,300-word count limit imposed by W.D. Mich. LCivR 7.3(b)(i). However, Defendants' sweeping, non-specific objections have made it impractical for Ms. Martin to adequately respond within the 4,300-word limit.

## II.    Background

On June 14, 2024, Defendants filed a Motion to Strike and Seal Plaintiff's First Amended Complaint (ECF No. 75), challenging nearly 1,000 numbered paragraphs, pages, and exhibits in Ms. Martin's FAC.

Defendants' motion indiscriminately challenges approximately 300 out of 1,752 paragraphs and 550 out of 685 pages, alongside numerous exhibits, from the FAC, alleging various violations of Federal Rules of Civil Procedure 8, 10, and 12(f), without specifying how or why each item violates these rules, nor which alleged defect applies to which paragraph, page, or exhibit.

For example: See ECF No. 75, PageID.1669:

> "Similarly, Plaintiff embeds several messages, documents, and other "evidence" directly into her amended complaint. (*See, without limitation,* ECF 17, 17-1; ¶¶42, 44, 135, 137, 140, 144, 154, 156, 157, 159, 167, 236, 242, 409, 410, 468, 533, 536, 572, 771, 783, 880, 894, 912, 930, 1057, 1064, 1065, 1066, 1327, 1331, 1332, 1336, 1341, 1344, 1407, 1419, 1429, 1435) Several screenshots embedded in the Amended Complaint are duplicative from the exhibits and should be struck as not being a short/direct allegation under Rule 8 and duplicative and impertinent under Rule 12(f)."

## III.   Law and Argument

W.D. Mich. LCivR 7.1(c) provides that the Court may, in its discretion, enlarge "any time, word count, or page limit established by these rules, with or without prior notice or motion."

W.D. Mich. LCivR 7.2(b)(i) imposes a 10,800-word limit on dispositive briefs, whereas W.D. Mich. LCivR 7.3(b)(i) sets a 4,300-word limit on non-dispositive briefs.

Although the resolution of Defendants' motion to strike and seal will have a significant impact on this case, it cannot be said that the motion is a "dispositive motion" as defined by W.D. Mich. LCivR 7.2(a).

Full and complete briefing is crucial because while it is within this Court's discretion to allow oral argument on Defendants' motion, it is also permissible for this Court to determine the motion only on the briefs. (See W.D. Mich. LCivR 7.3(d) "In its

discretion, the court may schedule oral argument or may dispose of the motion without argument.")

Good cause exists for an enlargement of the word-count limit under W.D. Mich. LCivR 7.3(b)(i) because:

- Defendants' motion to strike and seal raises numerous distinct grounds, each of which needs to be addressed individually to ensure a comprehensive response.

- A detailed presentation of factual background is essential to provide context and counter Defendants' allegations.

- Ms. Martin needs additional space to correct and clarify the multifarious mischaracterizations and inaccuracies in Defendants' motion.

- Incorporating necessary references to the record, evidence, and exhibits that support Ms. Martin's arguments increases the length of the brief.

- Permitting the Court to be fully apprised of complete and thorough arguments in this matter will benefit the Court's resolution of the issues presented.

- Failure to comprehensively respond would undermine Ms. Martin's legal position and could prejudice her case:

    Ms. Martin must thoroughly address each of Defendants' extensive and unspecific objections to avoid the risk of the Court deeming those objections uncontested or waived. because any argument or factual assertion not raised at this stage could be procedurally barred from consideration in higher courts. A more detailed response ensures that the appellate record is complete and that all relevant arguments and facts are fully presented and preserved for potential

appeal. See *Frye v. CSX Transp., Inc.*, 933 F.3d 591, 602 (6th Cir. 2019) ("(holding that issues not fully presented to the district court are deemed forfeited on appeal unless exceptional cases or particular circumstances are present, or the rule would produce a plain miscarriage of justice)." (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008).) *See also Murr v. United States*, 200 F.3d 895, 903 n.1 (6th Cir. 2000) (Parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate.")

Unlike practicing attorneys who develop the skill to balance detail with brevity through years of practice, Ms. Martin lacks formal legal education and experience, making it more challenging to articulate complex legal arguments succinctly.

Granting this motion will not prejudice Defendants but will ensure that Ms. Martin has a realistic opportunity to be heard fully and fairly.

## IV. Defendants' Anticipated Opposition to Plaintiff's Motion to Exceed Word Count Limit

Ms. Martin has made diligent efforts to confer with Defendants regarding this motion. Despite these efforts, Defendants have unreasonably withheld their concurrence and indicated opposition is likely. The Court should consider the following points in light of Defendants' anticipated opposition.

On July 1, 2024, at 7:00 AM EST, Ms. Martin emailed Defendants' counsel—Mr. Lee Silver, Mr. Michael Gutierrez, Mr. Daniel Hatch, and Mr. Tyler Burk—seeking concurrence on her motion to exceed the word count limit and to ascertain whether Defendants would oppose it. This email detailed the need for additional words due to the

extensive nature of Defendants' nearly 1,000 contested paragraphs and exhibits. (ECF No. 85-1, PageID.1836-1839).

Mr. Hatch's response at 8:08 AM EST requested a phone conference to discuss the motion. Mr. Hatch claimed he was unavailable all-day Monday and all of Tuesday, but could make time on Wednesday, July 3, outside of 10 AM-12 PM. He was fully aware that Ms. Martin's response was due on Friday, July 5, and that Thursday was a court holiday.

Ms. Martin agreed to a phone conference at 12:30 PM on Wednesday, July 3, even though it conflicted with her family holiday plans.

During the 17-minute call, Mr. Hatch employed a series of manipulative tactics aimed at exploiting Ms. Martin's self represented status and obstructing her efforts.

Initially, Mr. Hatch questioned the exact number of additional words Ms. Martin wanted.

Ms. Martin explained that she did not have an exact number yet because she was still in the process of drafting, but vassured Mr. Hatch that it would not be excessive and that she would provide a precise number once finalized. She emphasized the complexity and volume of the cited material.

Mr. Hatch raised procedural objections, questioning how Ms. Martin could manage to file a motion for an enlarged word count and have it resolved by the Court by Friday, the due date for her response, especially given the July 4th holiday.

Ms. Martin clarified that the local rules require such a motion to be filed with the proposed document attached as an exhibit.

Mr. Hatch advised that attaching the proposed document did not stay her time to file her response in the event that her motion for leave to file the proposed enlarged brief was denied.

Ms. Martin then realized that Defendants' counsel scheduling the call for Wednesday was strategic. Even if the rules required that the motion be filed, heard, and decided before the response deadline, as Mr. Hatch suggested, it would be impossible for her to comply in time.

Ms. Martin expressed her confusion about this supposed procedural norm, noting that with only a two-week window to respond, requiring leave to be granted before filing the brief would mean she had to draft the enlarged brief and file the motion within the first few days. This would be the only way to ensure the court had time to hear and rule on it before the due date. She also remarked that she saw no reason why her motion would be denied.

Mr. Hatch disagreed, claiming that he sees these motions denied quite often. He emphasized that courts require extraordinary circumstances to deviate from the word of their rules, concluding that he could not see a reason why the court would grant Ms. Martin's request, thus attempting to create undue panic and make Ms. Martin feel that her effort would be procedurally futile because she was bound to fail.

Mr. Hatch then suggested he might have been able to accommodate the request if Ms. Martin had been able to provide specific reasons.

In response, Ms. Martin once again emphasized the complexity and volume of the paragraphs and pages cited, stating she needed to address the details in response to Defendants' arguments.

Mr. Hatch responded insincerely, claiming Defendants had addressed everything within the word count, claiming he did not understand why Ms. Martin couldn't do the same.[1]

Ms. Martin pointed out that Defendants provided very little detail or specificity and continued offering specific details about the content she needed to address. She cited examples such as:

- Defendants attacking the first seven pages of her complaint, labeling them as "conspiracy theories involving the GRPD, 17th Circuit Court, unnamed criminals, and spies," which is a broad and vague characterization not at all reflective of the actual content.

- Defendants including Ms. Martin's PPO information in their filings, arguing it's "public record so the Court can take judicial notice of it," while simultaneously arguing against Ms. Martin including the fact that Defendant Gosia Walker is a convicted shoplifter, which is also public record and relevant.

- Defendants' argument regarding Defendant Gosia Walker's partial social security number on a letter from the Michigan workers compensation

---

[1] Defendants' motion was 4,298 words, two words short of the limit. (ECF No. 75, PageID.1675).

agency about Defendants' fraudulent workers compensation claim, which is

redacted in line with Rule 5.2 and is part of the administrative record

Before she could finish, Mr. Hatch interrupted and cut her off, changing his tune and stating he did not need to hear the specifics.

Ms. Martin reasoned that she was giving him the specific details that he was demanding.

Realizing Ms. Martin had met his demands about specifics, Mr. Hatch made another demand, stating they could not agree to her request without a specific word count.

In response, Ms. Martin provided a specific figure, proposing a word count cap of 8,600 words, emphasizing that it was unlikely she would need the full amount but wanted to address his concerns. Mr. Hatch, however, rejected this figure as excessive.

Despite Mr. Hatch's claim that the reason for not concurring was a lack of a specific number, Mr. Hatch shifted his stance to a complete rejection of *any* word count increase, stating that the local rule's limit of 4,300 words was non-negotiable.

Ms. Martin inquired if this meant Defendants would oppose the motion.

Mr. Hatch confirmed Defendants would likely oppose the motion and reminded Ms. Martin that her response was due in two days, including a court holiday, suggesting it would be procedurally impossible to meet the deadline if Ms. Martin filed a motion for enlargement.

Ms. Martin suggested filing her response and the motion for leave simultaneously.

Mr. Hatch warned that filing a response over the word limit is subject to being stricken.

Ms. Martin expressed her understanding of Defendants' tactics but stressed her need to respond to their claims.

Mr. Hatch ultimately denied any concurrence, stating he saw no basis for it adding again that procedurally—although maybe there is a rule he is not aware of it that says a response date is stayed by a motion for enlargement of word count—Defendants would expressly refuse to grant Ms. Martin any extension or adjournment of dates if her motion for enlargement was to be denied by the court.

Despite Ms. Martin's attempts to meet every demand and provide specific reasons and word counts, Mr. Hatch consistently moved the goalposts. Ultimately, he refused to agree to any enlargement of word count for Ms. Martin and preemptively shut down the potential for any extension.

## V.    CONCLUSION AND REQUEST FOR RELIEF

Defendants' pattern of moving the goalposts and rejecting Ms. Martin's reasonable requests and their use of tactical delays reflect a deliberate strategy of bad faith and procedural gamesmanship, aimed at prejudicing Ms. Martin's ability to present a comprehensive and fair response.

Mr. Hatch's fear-mongering resulted in Ms. Martin, a self-represented litigant, second-guessing herself. Instead of focusing her limited time and resources on drafting her response brief, she spent countless hours researching proper procedures and drafting this motion, knowing that Defendants would likely strongly oppose it.

The Court should recognize these tactics and permit Ms. Martin the necessary word count to ensure a fair and complete response to Defendants' extensive and unfounded allegations.

**WHEREFORE**, Plaintiff Ms. Martin respectfully requests that this Honorable Court grant her permission to exceed the word-count limit for her Response in Opposition to Defendants' Motion to Strike and Seal Plaintiff's First Amended Complaint and accept the same for filing, in the alternative, if the Court denies this request, in whole or in part, Ms. Martin respectfully requests 7 days to file a shorter brief in compliance with the word count specified by the Court, and grant her any other relief this Court deems just and proper.

Respectfully submitted,

Brittany E. Martin
*Plaintiff*

Dated:   July 10, 2024                              By:  /s/ Brittany E. Martin
                                                        **Brittany E. Martin, *in Pro Se***
                                                        23 College Ave. SE, APT. 18
                                                        Grand Rapids, MI 49503
                                                        (616) 822-9423
                                                        bmartin0211@outlook.com