UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

BRITTANY E. MARTIN,

    Plaintiff,

v.

HENN LESPERANCE PLC,
KEVIN LESPERANCE
MALGORZATA ("GOSIA") WALKER,
ROY H. JOHNSON,
DOES 1-5,

    Defendants.
_____/

Case No. 1:24-cv-00072

Hon. Hala Y. Jarbou
Magistrate Ray Kent

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO STRIKE AND SEAL PLAINTIFF'S FIRST AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS...................................................................................................ii

TABLE OF AUTHORITIES ............................................................................................iii

INTRODUCTION ............................................................................................................. 1

RELEVANT PROCEDURAL BACKGROUND ............................................................. 2

LAW AND ARGUMENT ................................................................................................. 4

   A. Good cause does not exist to grant Plaintiff's an extension of time to respond to Defendants' Motion to Strike and Seal Plaintiff's First Amended Complaint ............................................................................................... 4

   B. Plaintiff again failed to comply with Rule 7.1's requirements before filing this Motion..................................................................................................... 6

CONCLUSION.................................................................................................................. 7

CERTIFICATE OF COMPLIANCE................................................................................. 8

# **INDEX OF AUTHORITIES**

Page(s)

Rules

W.D. Mich. LCivR 5.7(f) .................................................................................................. 1

Fed. R. Civ. P. 6(b) ........................................................................................................... 4

W.D. Mich. LCivR 7.1 ...................................................................................................... 6

W.D. Mich. LCivR 7.1(c) ............................................................................................. 4, 5

W.D. Mich. LCivR 7.1(d) ............................................................................................. 4, 7

W.D. Mich. LCivR 7.1(d)(ii)(A) ...................................................................................... 6

W.D. Mich. LCivR 7.3(b)(i) ......................................................................................... 1, 3

W.D. Mich. LCivR 7.3(c) ................................................................................................. 5

Fed. R. Civ. P. 8 ............................................................................................................... 2

Fed. R. Civ. P. 12(f) ......................................................................................................... 2

# INTRODUCTION

Plaintiff has been aware of Defendants' legal bases for striking and sealing Plaintiff's First Amended Complaint for more than 6 weeks. On May 20, 2024, Defendants filed a brief raising many of the same legal and factual grounds for striking and sealing the First Amended Complaint (ECF 39). Plaintiff responded to those arguments on May 22, 2024. (ECF 40, 40-1). Ultimately, Chief Judge Jarbou referred these arguments to the Magistrate Judge in this matter. (ECF 45). Accordingly, Defendants filed their motion to strike and seal the First Amended Complaint on June 14, 2024, and stipulated that Plaintiff would be granted an additional 7 days, i.e., until July 5, 2024, to file any response. (ECF 55, 64).

Now, several weeks later and at the *very last minute*, Plaintiff requests an extension of time to file a response to Defendants' motion – beyond the extension she already received from Defendants through stipulation. Plaintiff's request should be denied because no good cause exists to grant Plaintiff additional time to respond.

Plaintiff's motion also appears, as an afterthought, to request permission to file a brief that exceeds the word limitation as set forth in Local Rule 7.3(b)(i). Plaintiff makes no argument in support of this request, does not identify how many additional words are requested, and does not attach a copy of her proposed brief, as required under Local Rule 5.7(f). Ultimately, as a matter of law and for the sake of efficiency, Plaintiff should be denied leave to continue filing page after page of rambling, irrelevant, and salacious allegations in this matter.

However, while drafting this response brief, Plaintiff filed yet a separate motion for leave to exceed the word count on July 11, 2024, after midnight, i.e., after the self-imposed deadline she requested in her motion for an extension of time. (ECF 86). As such, Defendants will reserve their specific legal and factual arguments on this issue to their forthcoming response brief in opposition of that motion – to avoid unnecessary repetition.

## RELEVANT PROCEDURAL BACKGROUND

On April 16, 2024, Magistrate Berens struck Plaintiff's First Amended Complaint and exhibits which totaled nearly 1,000 pages and 1,752 paragraphs (ECF 19, PageID.1243-1244). Plaintiff appealed that order. (ECF 27). Defendants filed their opposition to Plaintiff's appeal on May 20, 2024, requesting the Court to affirm Magistrate Berens' Order because Plaintiff's First Amended Complaint was not a "short and plain statement" with "simple, concise, and direct" allegations as required under Rule 8 and contained "redundant, immaterial, impertinent, or scandalous" allegations subject to striking under Rule 12(f). (ECF 39).

Plaintiff subsequently requested, and was granted, leave to file a reply brief to respond to these arguments raised by Defendants. (ECF 40, 45, 46). Specifically, Plaintiff alleged that a reply brief was necessary to address these arguments raised by Defendants in their opposition to her appeal. (ECF 40, PageID.1401). Plaintiff's reply brief totaled 16 substantive pages and 4,272 words. (ECF 46, PageID.1451).

The Court ordered that "before the amended complaint is restored to the public docket, the magistrate judge is directed to consider (by motion from Defendants or

sua sponte, if appropriate) whether to strike or seal all or a portion of the amended complaint and exhibits under Rules 8, 12(f), or other applicable rule." (ECF 45, PageID.1433-1434).

Contemplating that Defendants would file a motion to strike and seal Plaintiff's First Amended Complaint, the parties stipulated to a briefing schedule for Defendants to file their motion and Plaintiff to respond to the same. (ECF 55). Pursuant to the parties' stipulation, the Court ordered that Defendants had until June 14, 2024, to "file a motion to strike or seal Plaintiff's amended complaint (ECF No. 17) pursuant to Rules 8, 12(f), or other applicable Rule." (ECF 64, PageID.1564). Plaintiff was then granted "21 days from the date Defendants file their motion to strike or seal to file her response to Defendants' motion to strike or seal." (*Id.* at PageID.1565). Defendants timely filed their motion to strike and seal Plaintiff's First Amended Complaint on Friday, June 14, 2024 (ECF 74), making Plaintiff's response due on **Friday, July 5, 2024.**

On Monday, July 1, 2024, Plaintiff requested concurrence to file a response brief exceeding the word limitation set forth in Local Rule 7.3(b)(i). (ECF 85-1, PageID.1839). During a subsequent meet-and-confer conference on Wednesday, July 3, 2024, Plaintiff could not identify how many words the current draft of her brief contained or how many additional words she thought were necessary.

Two days later, on the very last day of the deadline, Plaintiff requested an extension of time to file her response to Defendants' motion. (ECF 85-1, PageID.1836). Counsel for Defendants' office was closed on July 5, 2024, in observance of

3

Independence Day, and they could not immediately respond to Plaintiff's last-minute request. Plaintiff filed this motion at approximately 11:58 p.m. on July 5th, requesting an extension of time to file her response. (ECF 84).

## LAW AND ARGUMENT

Plaintiff did not and cannot prove good cause to extend the already extended time she received to respond to Defendants' motion because none exists. Plaintiff already had an opportunity to respond to Defendants' arguments and sat on her hands after learning the issues raised by Defendants over 6 weeks beforehand. This motion is yet another example of Plaintiff waiting until the very last minute and then filing a motion seeking an exception to the rules – while again violating the meet-and-confer requirements under Local Rule 7.1(d) in the process. For these reasons, Plaintiff's requested extension should be denied.

**A.   Good cause does not exist to grant Plaintiff an extension of time to respond to Defendants' Motion to Strike and Seal Plaintiff's First Amended Complaint.**

Rule 6(b) provides that a court may extend the time to file a response to a motion *only* upon a showing of good cause. Fed. R. Civ. P. 6(b). Pursuant to Local Rule 7.1(c), this Court has discretion to shorten or enlarge any time requirements or word count limitations. Good cause does not exist to grant Plaintiff's request for an extension of time here as she has already received (and squandered) an extended period of time to respond to Defendants' motion and has been aware of Defendants' arguments for several weeks.

4

Pursuant to Local Rule 7.3(c), Plaintiff ordinarily would have had 14 days to file a response to Defendants' motion to strike and seal her First Amended Complaint. However, Defendants stipulated and agreed to grant Plaintiff an additional 7 days to file a response. (ECF 64, PageID.1565). There is no good cause, however, to grant Plaintiff another extension because she was already afforded more time to respond to Defendants' Motion than what she would have ordinarily had.

In addition to receiving an additional 7 days to respond to Defendants' motion, Plaintiff has been aware of the legal basis and arguments raised by Defendants for several weeks. The majority of the arguments raised in their motion to strike and seal Plaintiff's First Amended Complaint are identical to the arguments raised over 6 weeks ago in opposition to Plaintiff's appeal of Magistrate Berens' order striking the First Amended Complaint. (ECF 39). Plaintiff has been on notice of these issues and Defendants' anticipated motion for several weeks – before even stipulating to the briefing schedule.

Plaintiff has already had the opportunity to respond to the arguments raised by Defendants to strike and seal Plaintiff's First Amended Complaint. Plaintiff sought and was granted leave to file a reply to Defendants' opposition to her appeal, which raised identical arguments that are now at issue. Plaintiff filed a 16-page reply brief to address the same issues now raised by Defendants.

Much like her failure to timely bring claims which are now barred by the statute of limitations, Plaintiff sat on her hands when preparing a response to Defendants' motion. Instead of diligently working on a response to Defendants'

5

Motion to Strike, Plaintiff opted to seek leave to file a 15-page reply brief to her request for summonses to be issued on a complaint that was struck from the public docket. (ECF 77, 77-1).

Good cause does not exist for Plaintiff to receive an extension of time under these circumstances and her motion should be denied.

**B.	Plaintiff again failed to comply with Rule 7.1's requirements before filing this Motion.**

The glaring question that Plaintiff fails to address in her instant motion is why she waited until the very last day of an extended deadline to request an extension of time. Plaintiff could have requested an extension before the very last day of the deadline but failed to do so. Plaintiff was required under Local Rule 7.1 to request concurrence "sufficiently in advance of filing the motion" in a manner that "reasonably explains the basis for the motion." W.D. Mich. LCivR 7.1(d)(ii)(A). Plaintiff failed to do so on both fronts.

Specifically, as it relates to the request to exceed the word limitation, Plaintiff could not identify during the July 3, 2024, meet-and-confer conference how many words the current draft of her brief was or how many words she believed was necessary to adequately respond to Defendants' motion. Plaintiff is not entitled to carte blanche permission to include as many additional words as she wants. Plaintiff, again, failed to reasonably explain the basis for her requested relief.

Additionally, Plaintiff waited until hours before the end of her multi-week briefing period to request an extension of time to file a response – despite talking with counsel for Defendants about her response brief just a few days prior. Plaintiff has

6

repeatedly demonstrated a pattern of requesting concurrence at the last minute to only immediately file a motion with this Court requesting expedited consideration. (*See* ECF 72, PageID.1589-1592). Neither this Court, nor Defendants and their counsel, should be forced to operate around Plaintiff's schedule of last-minute demands. Plaintiff is required to request concurrences "sufficiently in advance of filing the motion," (W.D. Mich. LCivR 7.1(d)), which she regularly fails to do. Just as Plaintiff has been repeatedly admonished to not file personal information about the Court's family (ECF 80, PageID.1801), Plaintiff was also admonished for failing to comply with Local Rule 7.1(d). (ECF 23, PageID.1265).

Plaintiff has, *once again*, failed to comply with the Local Rule 7.1(d) and therefore this Motion should properly be denied.

## CONCLUSION

There is no good cause to grant Plaintiff's Motion. Plaintiff's alleged desire for additional time to respond to the inappropriate and wholly unprofessional nature of her First Amended Complaint is indicative of the need to strike and seal it. Plaintiff's motion should be denied.

Respectfully submitted,

BUTZEL LONG, P.C.

Dated: July 11, 2024

*/s/ Tyler A. Burk*
Lee T. Silver (P36905)
Michael L. Gutierrez (P79440)
Daniel J. Hatch (P79258)
Tyler A. Burk (P85077)
*Attorneys for Henn Lesperance PLC, Kevin Lesperance, Malgorzata*

7

*("Gosia") Walker, and Roy H, Johnson*
300 Ottawa Ave. NW, Suite 620
Grand Rapids, Michigan 49503
(616) 988-5600
silver@butzel.com
gutierrez@butzel.com
hatchd@butzel.com
burkt@butzel.com

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this Response contains 1,741 words, including headings and footnotes, as computed by Microsoft Word version 2023.

Respectfully submitted,

BUTZEL LONG, P.C.

Dated: July 11, 2024              */s/ Tyler A. Burk*
Lee T. Silver (P36905)
Michael L. Gutierrez (P79440)
Daniel J. Hatch (P79258)
Tyler A. Burk (P85077)
*Attorneys for Henn Lesperance PLC, Kevin Lesperance, Malgorzata ("Gosia") Walker, and Roy H, Johnson*
300 Ottawa Ave. NW, Suite 620
Grand Rapids, Michigan 49503
(616) 988-5600
silver@butzel.com
gutierrez@butzel.com
hatchd@butzel.com
burkt@butzel.com