UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

**BRITTANY E. MARTIN,**

        Plaintiff,

v.

**HENN LESPERANCE PLC.,** *et al.,*

        Defendants.

Case No.: 1:24-cv-00072

HON. Hala Y. Jarbou
Magistrate Ray Kent

| | |
|---|---|
| **Brittany E. Martin**<br>*Plaintiff* in Pro Se<br>(616) 822-9423<br>23 College Ave. SE, APT. 18<br>Grand Rapids, MI 49503<br>bmartin0211@outlook.com | **Lee T. Silver (P36905)**<br>**Michael L. Gutierrez (P79440)**<br>**Daniel J. Hatch (P79258)**<br>**Tyler A. Burk (P85077)**<br>**BUTZEL LONG, PC**<br>*Attorneys for* Henn Lesperance PLC, Kevin Lesperance, Malgorzata ("Gosia") Walker, and Roy H. Johnson<br>300 Ottawa Ave. NW, Suite 620<br>Grand Rapids, Michigan 49503<br>silver@butzel.com<br>gutierrez@butzel.com<br>hatchd@butzel.com<br>burkt@butzel.com |

***EXPEDITED CONSIDERATION REQUESTED***

### PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF HER MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ISSUANCE OF SUMMONS AND SERVICE OF PROCESS TO NEW DEFENDANTS THOMAS C. WALKER, WILLIAM HENN, AND ANDREW CASCINI

Pursuant to W.D. Mich. LCivR 7.3(c), Plaintiff, Ms. Brittany E. Martin, respectfully moves the Court for leave to file the attached Reply in support of her Motion for Leave to File a Reply in Support of her Motion for Issuance of Summons and Service of Process to

1

New Defendants Thomas C. Walker, William Henn, and Andrew Cascini. (ECF No. 77). In support, Ms. Martin states:

Regrettably, the gravity of Defendants' bald face lies and malicious false accusations in their recent filing (ECF No. 83) opposing Ms. Martin's Motion leaves her with no choice but to once again request the Court's permission to file a short reply (1,107 words) in order to correct Defendants' blatant falsehoods and defamatory accusations aimed at Ms. Martin.

For example, in Defendants' response in opposition to Ms. Martin's Motion for issuance and service of summons (ECF No. 72), Defendants claim, "This Court correctly refused to issue summonses for Plaintiff's amended complaint." (ECF No. 72, PageID.1592).

However, there is no formal order from Magistrate Berens refusing to issue the summonses.

Thus, Ms. Martin replied, addressing this conflicting statement about the summons issuance:

> "In reality, the Court's Order was silent on this matter. The automated electronic notice did not include an order and appeared (to Ms. Martin) to be an administrative action by the Clerk of the Court. However, during a June 14, 2024, phone conference between Ms. Martin and Defendants' counsel, they slipped and revealed that Magistrate Berens refused to issue the summonses, then quickly backtracked. If Magistrate Berens instructed the Clerk not to issue the summonses, Magistrate Berens should have issued another sua sponte order reflecting this, so that Ms. Martin could appeal the decision."
>
> (ECF No. 77-1, PageID.1764-1765).

Defendants have now frantically responded in opposition, falsely claiming to "have no knowledge of this alleged action and have never stated or suggested anything to support such an outlandish conspiracy theory." (ECF No. 83, PageID.1815), and, in a glaring attempt to deflect and discredit, falsely accusing Ms. Martin of:

- attempting to "improperly impugn the dignity of this Court" by promoting "baseless conspiracy theories" about the justice system.
- attempting to "improperly and baselessly impugn the integrity of this Court" by accusing or suggesting that it had ex parte communications with the Defendants' counsel or directed an action without issuing an order.

(ECF No. 83, PageID.1810-1812, PageID.1815).

Defendants' statements are complete fabrications. They are also directly contradicted by the record. Indeed, Defendants' **own words** assert improper knowledge of a court decision that does not exist in the formal record:

"This Court correctly refused to issue summonses for Plaintiff's amended complaint." (ECF No. 72, PageID.1592).

Again, this statement is troubling as there is no formal order from Magistrate Berens "refusing to issue the summonses."

Moreover, during their June 14, 2024, phone conference, Defendants' counsel explicitly admonished Ms. Martin for seeking to file a motion requesting the court to order the issuance and service of summonses because it would be requesting Magistrate Berens to take action she had already ordered or decided upon.

3

Defendants' counsel unequivocally stated, "when the magistrate files and strikes a summons, you can't just then go back to the magistrate and say you need to issue the summons."

This admission again implies improper knowledge of a court decision that does not exist in the formal record. When challenged, Defendants' counsel quickly backtracked, claiming to have misspoken. However, the damage was done—Defendants' statements during the June 14, 2024, phone conference and their **doubling down** on the statements in their subsequent filing (ECF No. 72) profess an awareness of court actions that were never formally documented and dispel the notion that Defendants' counsel simply "misspoke" during their phone conference.

Allowing the attached Reply will allow Ms. Martin to thoroughly refute and disprove Defendants' highly prejudicial falsehoods and malicious defamatory accusations, thereby serving the interest of justice and supporting a fair and accurate adjudication. It will not delay proceedings or prejudice Defendants.

Given the gravity of Defendants' unrelenting deceitful conduct, Ms. Martin is also preparing to file a motion for sanctions to address the matter appropriately and hopefully put an end to their exhausting and unabated falsehoods and baseless accusations. However, Fed. R. Civ. P 11(C)(2) requires a 21-day grace period for Defendants to withdraw or appropriately correct the challenged material before the motion for sanctions is filed or presented to the court. Since the Court is likely to rule on this matter before that period elapses, it is crucial that Ms. Martin be allowed to correct the record now to ensure the Court is fully informed and Ms. Martin is not unfairly prejudiced.

Ms. Martin's proposed Reply is attached as **EXHIBIT A.**

A proposed order granting Ms. Martin's motion for leave to file the proposed Reply is attached as **EXHIBIT B**.

**WHEREFORE,** Plaintiff, Ms. Brittany E. Martin, respectfully requests this Honorable Court grant her leave to file the proposed Reply and any such other and further relief the Court deems just and proper.

                                                Respectfully submitted,

                                                Brittany E. Martin
                                                *Plaintiff*

Dated:   July 12, 2024                        By:   /s/ Brittany E. Martin
                                                         **Brittany E. Martin,** *in Pro Se*
                                                          23 College Ave. SE, APT. 18
                                                          Grand Rapids, MI 49503
                                                          (616) 822-9423
                                                          bmartin0211@outlook.com