# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

| | |
|---|---|
| **BRITTANY E. MARTIN,** | Case No.: 1:24-cv-00072 |
| Plaintiff, | |
| v. | HON. Hala Y. Jarbou |
| | Magistrate Ray Kent |
| **HENN LESPERANCE PLC.,** *et al.,* | |
| Defendants. | |

| | |
|---|---|
| **Brittany E. Martin** | **Lee T. Silver (P36905)** |
| *Plaintiff* in Pro Se | **Michael L. Gutierrez (P79440)** |
| (616) 822-9423 | **Daniel J. Hatch (P79258)** |
| 23 College Ave. SE, APT. 18 | **Tyler A. Burk (P85077)** |
| Grand Rapids, MI 49503 | **BUTZEL LONG, PC** |
| bmartin0211@outlook.com | *Attorneys for* Henn Lesperance PLC, Kevin Lesperance, Malgorzata ("Gosia") Walker, and Roy H. Johnson |
| | 300 Ottawa Ave. NW, Suite 620 |
| | Grand Rapids, Michigan 49503 |
| | silver@butzel.com |
| | gutierrez@butzel.com |
| | hatchd@butzel.com |
| | burkt@butzel.com |

### PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION LEAVE TO FILE A REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ISSUANCE OF SUMMONS AND SERVICE OF PROCESS TO NEW DEFENDANTS THOMAS C. WALKER, WILLIAM HENN, AND ANDREW CASCINI

Plaintiff, Ms. Brittany E. Martin, submits her Reply in further support of her Motion for Leave to File a Reply in Support of her Motion for Issuance of Summons and Service of Process to New Defendants Thomas C. Walker, William Henn, and Andrew Cascini (The "Motion", ECF No. 77).

## I. Introduction

Defendants' Response in Opposition to Ms. Martin's Motion (ECF No. 83) contains numerous false, damaging, and defamatory statements and accusations aimed at Ms. Martin. Defendants' response is a calculated attempt to distort the facts and deflect from the procedural irregularities and highly questionable conduct in this case. The record unequivocally supports Ms. Martin's position, and Defendants' own words expose the flaws in their arguments.

## II. Factual Background

In Defendants' response in opposition to Ms. Martin's Motion for issuance and service of summons (ECF No. 72), they claim:

> "This Court correctly refused to issue summonses for Plaintiff's amended complaint."

(ECF No. 72, PageID.1592).

However, there is no formal order from Magistrate Berens refusing to issue the summonses. Ms. Martin replied, addressing this conflicting statement about the summons issuance:

> *"In reality, the Court's Order was silent on this matter. The automated electronic notice did not include an order and appeared (to Ms. Martin) to be an administrative action by the Clerk of the Court. However, during a June 14, 2024, phone conference between Ms. Martin and Defendants' counsel, they slipped and revealed that Magistrate Berens refused to issue the summonses, then quickly backtracked. If Magistrate Berens instructed the Clerk not to issue the summonses, Magistrate Berens should have issued another sua sponte order reflecting this, so that Ms. Martin could appeal the decision."*

(ECF No. 77-1, PageID.1764-1765).

Defendants have now frantically responded in opposition, falsely claiming to "have no knowledge of this alleged action and have never stated or suggested anything to support such an outlandish conspiracy theory." (ECF No. 83, PageID.1815), and, in a desperate attempt to deflect and malign, falsely accusing Ms. Martin of:

- attempting to "improperly impugn the dignity of this Court" by promoting "baseless conspiracy theories" about the justice system.

- attempting to "improperly and baselessly impugn the integrity of this Court" by accusing or suggesting that it had ex parte communications with the Defendants' counsel or directed an action without issuing an order.

- "baselessly accusing Defendants and this Court of misconduct."

(ECF No. 83, PageID.1810-1812, PageID.1815).

Defendants' statements and accusations are complete fabrications. The irrefutable facts ***and Defendants' own admissions on the record*** directly contradict Defendants' brazen assertions and undermines their undignified accusations of impropriety on Ms. Martin's part, ironically, implicating themselves in actual misconduct.

### A. Factual Account of the June 14, 2024, Meet-and-Confer Phone Conference

During their June 14, 2024, phone conference, Defendants' counsel explicitly admonished Ms. Martin for seeking to file a motion requesting the Court to order the issuance and service of summonses because—it would be requesting Magistrate Berens to take action she had already ordered or decided upon.

3

Defendants' counsel point-blank stated that, "When the magistrate files and strikes a summons, you can't just then go back to the magistrate and say you need to issue the summons."

This admission implies knowledge of a court decision that does not exist in the formal record. This is highly concerning.

In response, Ms. Martin expressed her surprise, stating that she was unaware that Magistrate Berens had taken such action and was under the impression that the Clerk of Court had acted independently. At this point, Defendants' counsel backtracked, claiming to have misspoken but insisting that Ms. Martin "would still need to appeal that."

Ms. Martin *further* pointed out Defendants' flawed logic, informing them that she had spoken with the Clerk of the Court regarding the procedural confusion, and that the Clerk of the Court had confirmed that no action could be taken unilaterally by the Clerk of the Court without a court order directing such action.

Ms. Martin's motion was filed to address this very issue—because *there was no formal order entered*. Therefore, if Magistrate Berens had indeed directed the court "filed and struck" Ms. Martin's summons (Defendants' words) or "refused to issue" the summonses (Defendants' words), or directed the Clerk to take any such action, a formal order needed to be entered reflecting that to allow for an appeal. An electronic notification alone is insufficient grounds for an appeal.

If the Court is still not convinced, it need not look far. Indeed, Defendants doubled down on the same statements they made to Ms. Martin during their 6/14/2024 phone conference **on the record**.

4

### B. The record unequivocally demonstrates the veracity of Ms. Martin's position and highlights the contradictions in Defendants' assertions

In their own words, Defendants have inadvertently undermined their stance.

Defendants claim, "This Court correctly refused to issue summonses for Plaintiff's amended complaint" (ECF No. 72, PageID.1592).

Defendants' *own words* reveal that Defendants maintain that the Court, (a.k.a. Magistrate Berens), had indeed refused to issue Ms. Martin's summonses.

They ***repeatedly*** claim that the Court (a.k.a. Magistrate Berens) refused to issue Ms. Martin's summonses, **yet *no formal order exists to support this claim***.

Defendants' repeated reliance on an action that was never formally ordered reveal an awareness of court actions that were never formally documented.

The record and Defendants' own words, coupled with this outrageous, baseless, over-the-top blitzkrieg attack on Ms. Martin in their response to her addressing these inconsistencies speaks volumes and only lend credence to suspicion of improper access to information or ex parte communications, undermining the integrity of the judicial process.

Tellingly, Defendants also sneak in a request for the Court to *strike* Ms. Martin's proposed reply. This is wholly improper and another attempt by Defendants to bury the truth, hide the facts, cover up potential impropriety, and skew the record to suit their narrative.

## **CONCLUSION**

Per usual, the facts (and the record) support Ms. Martin's position and expose Defendants' dishonesty. Defendants' incessant attempts to damage Ms. Martin's credibility within the justice system are unwarranted and unacceptable. Their deceptive tactics and falsehoods aim to mislead the Court and tarnish her reputation. Ironically, these actions only continue to obliterate what little remains of their own credibility.

Ms. Martin respectfully requests that the Court grant her Motion for Leave to File a Reply in Support of her Motion for Issuance of Summons and Service of Process to New Defendants Thomas C. Walker, William Henn, and Andrew Cascini and any such further relief this Honorable Court deems just and proper.

Respectfully submitted,

Brittany E. Martin
*Plaintiff*

Dated:   July 12, 2024          By:   /s/ Brittany E. Martin
                                      **Brittany E. Martin,** *in Pro Se*
                                      23 College Ave. SE, APT. 18
                                      Grand Rapids, MI 49503
                                      (616) 822-9423
                                      bmartin0211@outlook.com

6