# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

| | |
|---|---|
| BRITTANY E. MARTIN, | Case No.: 1:24-cv-00072 |
| Plaintiff, | HON. Hala Y. Jarbou |
| v. | Magistrate Ray Kent |
| HENN LESPERANCE PLC, et al., | |
| Defendants. | |

| | |
|---|---|
| Brittany E. Martin | Lee T. Silver (P36905) |
| Plaintiff in Pro Se | Michael L. Gutierrez (P79440) |
| (616) 822-9423 | Daniel J. Hatch (P79258) |
| 23 College Ave. SE, APT. 18 | Tyler A. Burk (P85077) |
| Grand Rapids, MI 49503 | BUTZEL LONG, PC |
| bmartin0211@outlook.com | *Attorneys for* Henn Lesperance PLC, |
| | Kevin Lesperance, Malgorzata |
| | ("Gosia") Walker, and Roy H. Johnson |
| | 300 Ottawa Ave. NW, Suite 620 |
| | Grand Rapids, Michigan 49503 |
| | silver@butzel.com |
| | gutierrez@butzel.com |
| | hatchd@butzel.com |
| | burkt@butzel.com |

## ORAL ARGUMENT REQUESTED

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE AND SEAL PLAINTIFF'S FIRST AMENDED COMPLAINT

The purpose of pleading "is to facilitate a proper decision on the merits" and avoid the dismissal of potentially meritorious claims due to procedural missteps. *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Defendants have not provided sufficient grounds for the drastic remedies they seek.[1]

"Motions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015); see also *Jeeper's of Auburn, Inc. v. KWJB Enters., L.L.C.*, No. 10–13682, 2011 WL 1899195, at *1 (E.D. Mich. Mar. 16, 2011) (explaining that "such motions are generally regarded with disfavor because of the limited importance on pleading in federal practice, and because they are often used as a delaying tactic."

## I. Defendants' Rule 8 Arguments are Improper and Warrant Sanctions Under Local Rule 7.3(d)(iii)

Defendants' Rule 8 arguments should never have reached the court in the first place.

Plaintiff made every reasonable effort to resolve the Rule 8 issues Defendants now complain about *without* burdening the Court.

Despite this, Defendants mislead the court and waste court resources by dedicating a substantial portion of their motion to strike arguing for the Court to strike duplicative,

---

[1] Constrained by Local Rule 7.2's 4,300-word limit, this Brief is not exhaustive of every objection Plaintiff has to Defendants' sprawling motion. Plaintiff reserves the right to raise additional objections as necessary.

redundant or non-essential elements, which Ms. Martin already acknowledged, offered, and agreed to correct voluntarily prior to their motion being filed.

Plaintiff is fully aware of the need to address the Rule 8 concerns in her FAC and has always been willing to streamline the FAC. She communicated this to Defendants on several occasions prior to their filing of their motion. (See ECF No. 77-1, PageID.1767.).

Despite Plaintiff's efforts to resolve Rule 8 issues without court intervention, Defendants misled the court by filing a motion to strike elements Plaintiff had agreed to correct voluntarily. Then, Defendants lied in their Certificate of Concurrence (ECF No. 76, PageID.1745) falsely representing Ms. Martin's position.

Under Local Rule 7.2(d)(iii) "The Court may impose sanctions for unreasonably withholding of concurrence and for violating this rule, which may include taxing costs and attorney's fees, denying the motion, and striking the filing." Defendants' procedural tactics and disregard for Local Rules warrant sanctions, including denial of their motion. Striking the FAC now would reward Defendants misconduct.

Plaintiff does not seek to avoid the requirements of Rule 8 but stresses that the procedural issues could have—and should have—been addressed through collaboration or a motion for a more definite statement under Rule 12(e).

### i.    The purpose of FRCP 8 is to provide notice to the opposing party of the nature of the claims, not to enforce hyper-technical pleading requirements.

Defendants do not allege that Plaintiff has failed to provide Defendants "fair notice of what her claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002).

See *Bormuth v. Cnty. of Jackson*, No. 13-13726, 2013 WL 12621885, at *1 (E.D. Mich. Oct. 24, 2013) ("Despite the shortcomings of Plaintiff's complaint, the Court finds that it gives Defendant fair notice of the claims and a fair opportunity to respond. Even a complaint that it "verbose and repetitive" or "otherwise out of compliance with Rule 10(b)" survives scrutiny where it gives a defendant "adequate notice of a legally sufficient claim." (citing *Ortiz v. Karnes*, 206-CV-0562, 2007 WL 2509865 (S.D. Ohio Aug. 30, 2007)).

See *Plummer v. Glenn L. Martin Co.,* 10 F.R.D. 395, 396 (N.D. Ohio 1950) ("Inclusion of unnecessary material would seem to violate Rule 8(a), Federal Rules of Civil Procedure, 28 U.S.C.A., which calls for a short and plain statement of the claim. Rule 1, however, calls for a just, speedy and inexpensive determination of every action, and granting of a motion to strike for the sole purpose of making the complaint state a short and concise claim would clearly violate the mandate in Rule 1.").

ii. **FRCP 8's requirement for a "short and plain statement" depends on the totality of the context and circumstances of the case.**

FRCP 8's requirement for a "short and plain statement" depends on the context and circumstances. It is not meant to serve as a shield for defendants to avoid responding to relevant, substantive allegations.

In cases involving multiple claims, parties, and intricate facts—like this one—more detailed pleadings are expected and often necessary. Rule 8 requires clarity, not oversimplification. See *Swierkiewicz*, 534 U.S. at 514 ("What Rule 8 proscribes is obfuscation of the plaintiff's claims.")

Pleadings must be considered in their entirety, and a party cannot challenge pleadings by randomly selecting and rejecting portions of the pleadings to best serve his or her purpose. Ms. Martin's FAC, while imperfect, directly relates to the controversy. See *House of Providence v. Meyers*, 458 F. Supp. 3d 621 (E.D. Mich. 2020) (denying motion to strike and holding "[W]hile the amended complaint could have been drafted more concisely … Defendants have not shown that the allegations they find objectionable bear no relation to the controversy.").

### iii.  Defendants had other, more appropriate remedies available to them if they believed the FAC was unclear or overly detailed: More Definitive Statement under FRCP 12(e)

Defendants claim they will be "significantly prejudiced" if they "have to attempt to answer or otherwise respond to Plaintiff's rambling and indirect allegations that incorrectly incorporate hundreds of pages of exhibits and hours' of audio recordings. It will be greatly overburdensome, in both time and expense, for Defendants to respond to such a grossly defective complaint." (ECF No. 75, PageID.1656.)

This argument is undercut by Defendants' own actions. If Defendants believed the FAC was so unclear or overly detailed so vague or ambiguous that they "[could] not reasonably prepare a response," Defendants could have—and should have—filed a motion for a more definitive statement under Rule 12(e). They did not.

Defendants could have—and should have—taken Ms. Martin up on her offer to voluntarily resolve the issues of any redundant or unnecessary material without the Court's intervention. They did not.

This is because Defendants are not seeking clarity but rather attempting to use procedural technicalities to derail the case. Defendants are not operating towards

defending this case on the merits. Defendants will do anything to avoid this case progressing to the point where they have to file an answer.

### iv.     Pro Se Dilemma and Defendants' Interference

Plaintiff was represented by legal counsel (Todd R. Knecht) for two years in this litigation. Unbeknownst to Plaintiff, Todd Knecht was actively undermining her case in collaboration with Defendants. This betrayal left Plaintiff with no choice but to terminate her attorney and forced her into the difficult position of representing herself in a highly complex case. Defendants now seek to benefit from their own misconduct by leveraging Plaintiff's lack of legal expertise as a means to strike the FAC under Rule 8. The courts recognize that non-lawyers, while still expected to follow the rules of civil procedure, may not always be able to perfectly craft pleadings in the same way an experienced attorney would. Defendants should not be permitted to capitalize on the harm that they created (Plaintiff's pro se status) to secure undue relief.

### v.     Plaintiff's ability to file a second amended complaint (SAC) has been constrained by procedural complications surrounding the addition of new defendants

Plaintiff would have liked to have filed a motion for leave to file a second amended complaint ("SAC") months ago. Instead, she has been constrained by procedural complications surrounding the addition of new defendants.

The FAC includes new defendants, and Plaintiff's motion to issue summons for these new parties was pending until just recently denied by the Court. During its pendency, Defendants signaled their intent to challenge the addition of the new defendants, placing Plaintiff in a procedural bind.

Filing an SAC under these circumstances would replace the FAC, (meaning Plaintiff would forfeit her right to add parties as a matter of course) and open up the door to Defendants attack on the propriety of the new parties, as they have already indicated they plan to raise.

## II. Defendants Fail to Meet the High Standards for Striking the FAC Under Rule 12(f)

Striking a pleading is a drastic remedy disfavored by courts and infrequently granted under FRCP 12(f) because it often is sought by the movant simply as a dilatory or [harassing] tactic.

The disfavor towards Rule 12(f) reinforces "the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

### i. Defendants' attempt to selectively censor parts of the FAC while failing to substantiate their arguments is disingenuous and legally insufficient.

A motion to strike must comply with the requirement in Rule 7(b) that motions state with particularity the grounds therefore. Defendants only provide vague, conclusory statements and fail to properly justify why the content they selected to strike is actually immaterial to the controversy. This content will not be reviewed in depth as Defendant has not actually provided any justification as to why they feel it is immaterial and irrelevant to the controversy, and Rule 12(f) motions require well plead requests and a showing of prejudice as a basis for making the request in the first place. See *Burma-Bibas, Inc. v. Excelled Leather Coat Corp.*, D.C.N.Y.1984, 584 F.Supp. 1214. (When the

defendants made no arguments in their memoranda of law that would explain why the challenged words and paragraphs of the amended complaint were "redundant, immaterial, impertinent or scandalous," nor why the alleged facts of one count did not present a justiciable case or controversy, defense motions to strike were not entitled to consideration.)

### ii. Defendants' Rule 12(f) motion is premature given the early stage of litigation

A question of law or fact cannot be decided on motion to strike. The time for making determinations of whether certain allegations are "relevant" is not at the initial pleading stage. See *Bolton v. U.S.*, 2013 WL 3965427, at *4 (W.D.Tenn.,2013)) ("motions to strike are inappropriate during the pre-discovery stage before parties have had the opportunity to gather additional evidence in support of their claims. *Damron,* 2010 U.S. Dist. LEXIS 142812, at *6–7, 2010 WL 6512345. The action is used sparingly because of the "practical difficultly of deciding cases without a factual record." *Mapp v. Bd. of Educ.,* 319 F.2d 571, 576 (6th Cir.1963) (quoting *Brown & Williamson,* 201 F.2d at 822) (internal quotation marks omitted). See also *Woldetadik v 7-Eleven, Inc*, 881 F Supp 2d 738, 744–45 (ND Tex, 2012) (denying Defendant's 12(f) motion to strike complaint, holding it premature given the early stage of litigation, "If Defendant believes that Plaintiff has failed to plead facts sufficient to support claims on these grounds, the better practice is to move for dismissal under Rule 12(b)(6) and *745 assert that the pleadings were factually insufficient under Iqbal and Twombly; or to move for a more definite statement under Rule 12(e).").

### iii.    Defendant fails to provide any factual support for the position that it is entitled to strike factual allegations that it regards as "irrelevant" from the FAC

Defendants offer only vague, unsupported assertions that the material they seek to strike bears no relation to the controversy, failing to meet their burden of showing why any portions should be struck.

### iv.    The challenged allegations do not unfairly prejudice Defendants.

Even if Defendants had sufficiently alleged, let alone demonstrated, that any of the challenged material "bears no possible relation to the controversy", Defendants have not established that the challenged material has caused, or will cause, them any prejudice. See *Eccles v. Walters State Cmty. Coll.*, No. 3:21-CV-382-CEA-DCP, 2022 WL 20114175, at *2 (E.D. Tenn. Feb. 8, 2022) ("Court find[ing] the Defendants' Motion to Strike not well taken" when the contested paragraphs "explain the alleged history of the parties and merely provide context for the present dispute" and where Defendants "have not established that the above paragraphs have caused or will cause them any prejudice".) (citing *Starnes Family Office, LLC v. McCullar*, 765 F. Supp. 2d 1036, 1059 (W.D. Tenn. 2011) (explaining that "[w]here the challenged allegations 'might serve to achieve a better understanding of the ... claim for relief or perform some other useful purpose in promoting the just and efficient disposition of litigation,' a motion to strike should be denied") (quoting *Sherrills v. Beison*, No. 1:05–CV–310, 2005 WL 1711132, at *1 (W.D. Mich. July 21, 2005)).)

See also *Kirby v. Broken Skull Trucking Inc.*, 2022 WL 392298 (D. Kan. 2022) ("Most courts consider immateriality alone to be insufficient to trigger the drastic remedy

of striking parts of a pleading; the allegation must also be prejudicial to the moving party.")

"In order to grant a Rule 12(f) motion, the court must additionally find that the inclusion of the disputed pleading prejudices the plaintiff. *See Snow,* 2011 U.S. Dist. LEXIS 8866, at *9, 2011 WL 321651. This determination similarly must be made in light of the well-settled notion that granting a 12(f) motion is "a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson,* 201 F.2d at 822." *Bolton*, at *5

Defendants' motion to strike does not claim they have suffered or will suffer any real prejudice. Defendants' sole argument for "prejudice" throughout the entire motion is the purported burden of responding to the FAC. They argue that answering the allegations would be time-consuming and expensive—hardly a compelling reason to invoke the extreme remedy of striking material from a pleading under Rule 12(f).

Rather, Defendants object to the FAC because it makes it more likely that this Court will make a decision on the merits.

   v.   **Defendants' argument that the FAC contains scandalous material is unsubstantiated.**

To be scandalous, degrading charges must be irrelevant, bearing no possible relation to the controversy, or, if relevant, must go into unnecessary detail and cause the objecting party prejudice

The allegations that Defendants seek to strike, while potentially embarrassing, are relevant and supported by evidence. They are not included to harass or scandalize but to provide necessary context for Plaintiff's claims of unlawful conduct. As such, they do not

meet the standard for being stricken from the record. Courts have made clear that motions to strike should not be used to eliminate relevant material simply because it is uncomfortable for the opposing party. See *McGill v. Correctional Healthcare Companies, Inc.*, 2014 WL 2922635, *6 (D. Colo. 2014) (fact that allegations likely to create adverse publicity does not necessarily cause prejudice to defendant).

"It is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action. As a result, courts have permitted allegations to remain in the pleadings when they supported and were relevant to a claim for punitive damages....However, if the party seeking the elimination of the scandalous matter was the "first to hurl epithets," the district judge will deny the motion to strike, presumably applying something in the nature of a "clean hands" notion." FPP § 1382.

### vi.    Defendants' evidentiary challenges are premature and improper.

"A motion to strike is not intended to furnish an opportunity for the determination of disputed and substantial questions of law." *Adams v. Hyman Lippitt, P.C.*, No. 05-72171, 2005 WL 3556196, at *21 (E.D. Mich. Dec. 29, 2005) (internal quotation marks omitted), *vacated in part on other grounds*, No. 05-72171, 2006 WL 901703 (E.D. Mich. Apr. 3, 2006).

*Neal v. City of Detroit* No. 17-13170, 2018 WL 1399252, at *1 (E.D. Mich. Mar. 19, 2018) (rejecting argument that references to an EEOC determination and underlying exhibits should be stricken from the complaint because that evidence was inadmissible under FRE.

*Holder v. Enbridge Energy, L.P.*, Case No. 1:10-CV-752, 8-9 (W.D. Mich. Sep. 2, 2011) (finding "that resolving evidentiary disputes at this stage of the litigation would be premature and that such matters are best resolved in a motion in limine."); *Chicago Ins. Co. v. Health Care Indem., Inc.*, No. 3:09-0659, 2009 WL 3380387, at \*1-2 (S.D.W.Va. Oct. 20, 2009). (Even if the article referred to in the complaint or evidence of a particular spill is not admissible at trial, at this stage, it provides helpful background and context to Plaintiffs' claims.); *Pianko v. General R.V. Center*, 20-cv-13371, 15-16 (E.D. Mich. Jul. 28, 2021) ("The admissibility, or lack thereof, of the allegations in the complaint of Defendant's indictment and *nolo contendere* plea does not dictate this Court's decision whether to strike allegations in the complaint"); *Hum. Rts. Def. Ctr. v. Bezotte*, No. 11-CV-13460, 2017 WL 1250683, at \*16 (E.D. Mich. Mar. 31, 2017) ("just because evidence is not admissible does not dictate that the district court strike the evidence; it just means that the district court must not consider it [on a motion for summary judgment].""").

Defendants cite no authority for the proposition that material they unilaterally consider inadmissible must be stricken from a complaint.

### III.  Defendants' Rule 10 Arguments Fail as a Matter of Law

Under FRCP 10(c), exhibits attached to a complaint become part of it for all purposes, including supporting allegations. *Realtek Industries, Inc. v. Nomura Securities*, 939 F. Supp. 572 (N.D. Ohio 1996). See also *In re MannKind Securities Actions*, 835 F. Supp. 2d 797, 821 (C.D. Cal. 2011) ("denying motion to strike denied because it merely served to buttress plaintiff's contentions" and "there exists 'no inflexible rule' governing the sort of 'written instruments' that may be attached to a pleading." "no

inflexible rule" exists governing types of written instruments that may be attached to pleading under Rule 10(c)).")

In Gulfside Casino P'ship v. Churchill Downs Inc., No. 20-6423 (6th Cir. Jun. 22, 2021), the Sixth Circuit confirmed that courts may consider documents referenced in the complaint and central to the plaintiff's claims, regardless of their format. This includes screenshots and other media not traditionally classified as "legal instruments". *See, e.g., Seaton v. TripAdvisor LLC*, 728 F.3d 592, 595 (6th Cir. 2013)

*Rondigo LLC v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) See also, *Sanchez v. Bay Area Rapid Transit Dist.*, 2013 WL 4764485, at *9 (N.D. Cal. Sept. 5, 2013) (denying a motion to strike an expert report attached to a complaint, noting that "[e]xpert reports and photographs are commonly attached to complaints"); *Ware v. Hosp. of the Univ. of Pa.*, No. 2:14-CV-00014, 2015 WL 5729243, at *4 (E.D. Pa. Sept. 30, 2015) (denying motion to strike photographs embedded in the complaint); *Holder v. Enbridge Energy, L.P.*, No. 1:10-CV-752, 2011 WL 3878876, at *6 (W.D. Mich. Sept. 2, 2011) (denying a motion to strike photographs in a complaint); *Spoon v. Bayou Bridge Pipeline, LLC*, CIVIL ACTION 19-516-SDD-EWD, 11 (M.D. La. Aug. 20, 2020) (photos incorporated into complaints did not violate FRCP, as they were relevant to the claims and provided fair notice. Defendants were free to deny the allegations in their responses.)

## IV.    Defendants Request to Seal the FAC Lacks Any Merit

Defendants' vague and conclusory allegations fall far short of overcoming the strong presumption in favor of the public's common law right of access, let alone the justification for sealing the entire FAC.

"The public has a strong interest in obtaining the information contained in the court record," including "an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions." *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180–81 (6th Cir. 1983). *See also* Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr., 913 F.3d 443, 450 (5th Cir. 2019) ("This presumption reflects the fact that "[p]ublic confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view."). A majority of the litigation in this case has been centered around the FAC, which was unlawfully and improperly struck from the public docket to begin with. There is no justification for the FAC to be hidden.

The party seeking to seal records carries a "heavy burden of overcoming the 'strong presumption in favor of openness.'" *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (quoting Shane Grp., Inc., 825 F.3d at 305). To meet this burden, the party must show: (1) a compelling interest in sealing the records; (2) that this interest outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored. *Id.* If compelling interests are shown, the party must then demonstrate that these reasons outweigh the public interest in access and that the seal is narrowly tailored to serve those interests. *Id.*

Meeting this standard requires a detailed, document-by-document analysis of the propriety of secrecy, supported by reasons and legal citations. *Id.*

Defendants request that the entire FAC be sealed from the public record. Defendants provide no binding or sufficiently persuasive authority or further arguments to justify sealing.[2]

Defendants' sole argument for this extreme relief is that the FAC "contains numerous irrelevant and scandalous allegations and exhibits" (ECF No. 75, PageID.1658).

If Defendants actually intend this as a serious argument, rather than a red herring to distract and obfuscate, it fails pathetically under this Court's precedent. Embarrassment or reputation damage is not a valid reason to seal judicial records.

The Sixth Circuit has consistently held that harm to one's reputation does not outweigh the public's interest in transparency. See *Kiwewa v. Postmaster Gen. of United States*, No. 18-3807, 2019 U.S. App. LEXIS 9050, 2019 WL 4122013, at *2 (6th Cir. Mar. 26, 2019) ("Harm to reputation is insufficient to overcome the strong presumption in favor of public access …."); *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 591 (6th Cir. 2016) ("Simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records"); *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 225 (6th Cir. 1996) ("the private litigants' interest in protecting their vanity or their commercial self-interest simply does not qualify as grounds for sealing"). *See also Brown & Williamson*, 710 F.2d at 1179-80 ("A naked

---

[2] Defendants conveniently omit that the *Stinnett* order was overruled, and the complaint was unsealed.

conclusory statement that [disclosure will injure a producing party] . . . falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal.").)

If Defendants' reputation suffers due to the truth, that is a deserved consequence of their own actions, not a reason to seal the record.

### vii.   Defendants' Request for Blanket Sealing is Grossly Overbroad

Even if a legitimate basis existed to seal any portions of the FAC (and it does not), Defendants' request to seal the entire pleading is absurdly over-broad. The Sixth Circuit has emphasized that "only the most compelling reasons can justify nondisclosure of judicial records." *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 940 (6th Cir. 2019). Any seal must be narrowly tailored, no broader than necessary, and limited to those specific portions that legitimately warrant protection. *Shane Grp., Inc.*, 825 F.3d at 305-06. Defendants blanket seal request is far from a narrowly tailored remedy.

### viii.   The Content Defendants Seek to Seal is Already Public

"Secrecy is a one-way street: Once information is published, it cannot be made secret again." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 592 (6th Cir. 2016). Defendants' efforts to seal the FAC are futile, as it is already part of the public record. Courts have consistently held that once information is publicly disclosed, sealing attempts are ineffective and heavily disfavored.

"Previous [public] access is a factor which may weigh in favor of subsequent [public] access." *United States v. Hubbard*, 650 F.2d 292, 318 (D.C. Cir. 1980). This standard is easily met when there is prior public availability on a court docket. See

*Upshaw v. United States*, 754 F. Supp. 2d 24, 28-29 (D.D.C. 2010). Here, the FAC was publicly filed on April 12, 2024, and was struck on April 16, 2024, making it part of the public record both on this Court's docket and various other online databases. Additionally, Plaintiff downloaded the FAC and has had it shared it publicly online for over six months.

### ix.   Defendants undermine their own arguments by quoting and selectively using content from the FAC they wish to seal.

Defendants' motion contradicts their own arguments by citing "stricken" content from the FAC while simultaneously seeking its sealing. Despite claiming to have been "careful to avoid reintroducing stricken material into the record" (ECF No. 75, PageID.1665), Defendants selectively quote the very content they argue should be sealed. (PageID.1657). Defendants cannot demand the Court seal the FAC while openly reintroducing the same content to support their position.

### CONCLUSION

As Courts have cautioned, motions to strike are often exercises in unnecessary delay and harassment. This is no exception.

Plaintiff respectfully requests that this Honorable Court deny Defendants' motion in its entirety, restore her FAC to the public docket, and allow her the opportunity to by amendment and grant her any other relief this Court deems just and proper.

Respectfully submitted,

Brittany E. Martin

Dated:    September 26, 2024                 By:  /s/ Brittany E. Martin
                                                  Brittany E. Martin, Plaintiff *in Pro Se*
                                                  23 College Ave. SE, APT. 18
                                                  Grand Rapids, MI 49503
                                                  (616) 822-9423
                                                  bmartin0211@outlook.com