# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

| | |
|---|---|
| BRITTANY E. MARTIN, | Case No.: 1:24-cv-00072 |
| Plaintiff, | HON. Hala Y. Jarbou |
| v. | Magistrate Ray Kent |
| HENN LESPERANCE PLC, et al., | |
| Defendants. | |

| | |
|---|---|
| Brittany E. Martin<br>Plaintiff in Pro Se<br>(616) 822-9423<br>23 College Ave. SE, APT. 18<br>Grand Rapids, MI 49503<br>bmartin0211@outlook.com | Lee T. Silver (P36905)<br>Michael L. Gutierrez (P79440)<br>Daniel J. Hatch (P79258)<br>Tyler A. Burk (P85077)<br>BUTZEL LONG, PC<br>*Attorneys for* Henn Lesperance PLC, Kevin Lesperance, Malgorzata ("Gosia") Walker, and Roy H. Johnson<br>300 Ottawa Ave. NW, Suite 620<br>Grand Rapids, Michigan 49503<br>silver@butzel.com<br>gutierrez@butzel.com<br>hatchd@butzel.com<br>burkt@butzel.com |

**ORAL ARGUMENT REQUESTED**

**PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S ORDER**

Plaintiff, Ms. Brittany E. Martin, under Fed. R. Civ. P. 72(a), W.D. Mich. LCivR 72.3(a), and 28 U.S.C. § 636(b)(1)(A) respectfully appeals Magistrate Judge's March 21, 2025 Order (ECF No. 105) which granted defendants' motion to strike plaintiff's amended complaint and exhibits (ECF No. 74) and limiting the form and length of any second amended complaint.

This appeal is timely filed within 14 days of service of the order. Fed. R. Civ. P. 72(a).

Plaintiff does not dispute that her First Amended Complaint was long, imperfect, or in need of revision. Nor does she resist the Court's legitimate interest in ensuring that pleadings are manageable, focused, and legally sufficient. But the approach taken here—striking the complaint in its entirety, adopting Defendants' characterizations without full rebuttal, and then imposing procedural constraints that all but guarantee future dismissal—falls outside the bounds of fair process and controlling law. Plaintiff respectfully requests that the District Judge set aside or modify the Order to remove or adjust the structural barriers now in place so that the SAC can be filed in compliance with Rule 8, Iqbal, and Twombly, without artificial limits that risk preemptive failure.

## STANDARD OF REVIEW

A party objecting to a magistrate judge's resolution of a nondispositive[1] matter can file objections within 14 days of being served with the order. Fed. R. Civ. P. 72(a). The district judge must consider those objections and then modify any part of the order that is "clearly erroneous" or "contrary to law." Id.; 28 U.S.C. § 636(b)(1)(A). "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

2

committed.'" *Adams Cnty. Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (*quoting United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's decision "is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (internal quotation marks and citations omitted).

## OBJECTIONS

### I. The Court Misapplied Rule 12(f) and Departed from Sixth Circuit Precedent.

*A. Striking the entire pleading under Rule 12(f) conflicts with Sixth Circuit Precedent*

The Sixth Circuit has squarely held that "[a] motion to strike is neither an authorized nor proper way to procure the dismissal of all or part of a complaint." *Olagues v. Timken*, 908 F.3d 200, 204 (6th Cir. 2018); see also *Zimmerman v. 3M Co.*, 542 F. Supp. 3d 673, 679 (W.D. Mich. 2021). Striking an entire complaint under Rule 12(f), as the Court did here, directly contravenes that precedent.

*B. The Court erred in adopting Defendants' conclusory groupings wholesale, without independent review*

The Court's order accepts Defendants' surface-level and conclusory labels wholesale—without analyzing context, intent, or factual relevance—and without applying the rigorous legal standard required under Rule 12(f).

The Court wrote:

3

>   "The amended complaint includes lengthy and at times rambling allegations, many of which are impertinent, immaterial, and scandalous . . . The Court has reviewed the amended complaint and agrees with defendants' observations. Here, it would be difficult, if not impossible, for the Court to strike all of the immaterial, impertinent, and scandalous matter which appear in plaintiff's amended complaint because this matter is spread throughout the entire pleading. Accordingly, the amended complaint will be stricken pursuant to Fed. R. Civ. P. 12(f)." (ECF No. 105, PageID.1959).

The Court does not apply the standard to the cited paragraphs: whether the statements "unnecessarily reflect on moral character," are immaterial, impertinent, irrelevant, and whether prejudice exists. There is no paragraph-level analysis in the record—because there is no developed record.

Rule 12(f) is a drastic remedy reserved only for allegations that have "no possible relation to the controversy. ("A party must show that the allegations have "no possible relation to the controversy." *Parlak v. U.S. Immigr. & Customs Enf't,* No. 05-2003, 2006 WL 3634385, at *1 (6th Cir. Apr. 27, 2006) (citation omitted).). Here, the Court failed to make any finding or even address whether the factual allegations bore "no possible relation to the controversy".

*C.  A question of law or fact cannot be decided on motion to strike.*

Rule 12(f) is not a vehicle for resolving legal or factual disputes. *Adams v. Hyman Lippitt, P.C.*, 2005 WL 3556196, at *21 (E.D. Mich. Dec. 29, 2005) ("A motion to strike is not intended to furnish an opportunity for the determination of disputed and substantial questions of law.").

The Sixth Circuit and district courts within it have repeatedly held that Rule 12(f) motions are premature at the pleading stage—when courts are least equipped to

determine whether facts are truly immaterial or irrelevant—and should not be used as substitutes for Rule 12(b)(6) or Rule 12(e). See *Bolton v. U.S.*, 2013 WL 3965427, at *4 (W.D.Tenn.,2013)) ("motions to strike are inappropriate during the pre-discovery stage before parties have had the opportunity to gather additional evidence in support of their claims. *Damron,* 2010 U.S. Dist. LEXIS 142812, at *6–7, 2010 WL 6512345; *Hahn v. Best Recovery Servs., LLC*, No. 10-12370, 2010 WL 4483375, at *2 (E.D. Mich. Nov. 1, 2010).

## II.     The Court's Reliance on Rule 8 to Strike the FAC Was Legally Improper

Rule 8 does not provide the ability to strike a pleading, rather dismissal with meaningful opportunity to amend. See *Nat'l Credit Union Admin. Bd. v. Zovko*, No. 1:13 CV 1430, 2016 WL 9778195, at *3 (N.D. Ohio July 8, 2016) (Finding no merit in Defendant's argument that "allegations be stricken as violative of Rule 8 through Rule 12(f)'s standard for striking redundant, scandalous, immaterial or impertinent information") ("The challenge that a pleading runs afoul of Rule 8(b) is not within the literal scope of a Rule 12(f) motion to strike."); see *Ortega v. New Mexico Legal Aid, Inc.*, No. 18-111, 2019 WL 3936834, at *2 (D.N.M. Aug. 20, 2019) (holding that alleging a fact in "bad faith" is "not a ground for striking a matter under Rule 12(f)"). *Berryman v. Stephenson*, No. 2:21-CV-10925, 2022 WL 2913763, at *3 (E.D. Mich. Apr. 26, 2022), report and recommendation adopted, No. 21-10925, 2022 WL 2912786 (E.D. Mich. July 22, 2022)

Curto v. Erie Cty. Water Auth., No. 18-cv-00695, 2021 WL 5854962, at *2–3 (W.D.N.Y. Sept. 29, 2021); Gulf Restoration Network v. E.P.A., No. 18-1632, 2018 WL 5297743, at *4 (E.D. La. Oct. 25, 2018) (**declining to utilize Rule 12(f) as a vehicle to correct Rule 8 errors**).  See generally N.L.R.B. v. S.W. General, Inc., 137 S. Ct. 929, 940 (2017)

5

(explaining that generally, the expression of a list of items implies the exclusion of all items not mentioned).

Plaintiff does not seek to avoid the requirements of Rule 8 but stresses that the procedural issues could have—and should have—been addressed through collaboration or a motion for a more definite statement under Rule 12(e).

Plaintiff has not acted in bad faith. She has tried to cooperate, to narrow the issues, and to fix what needed fixing—without burdening the Court or delaying the case. But each time, those efforts were turned against her. The procedural traps laid by Defendants were ultimately enforced by the Court in ways that left Plaintiff boxed out of her own case.

### III. The Court's Use of Inherent Authority Must Conform to the Federal Rules

While district courts have inherent authority to manage their dockets, that authority must operate in harmony with the Federal Rules of Civil Procedure. *Hanna v. Plumer*, 380 U.S. 460, 471 (1965); *In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993). Even efficient uses of supervisory power are invalid if they conflict with procedural or constitutional rights. *Thomas v. Arn*, 474 U.S. 140, 148 (1985).

Here, the Court's procedural restrictions—combined with striking the FAC in full—conflict with Rules 8, 10(c), 12(f), and 15, and impose burdens that deny Plaintiff meaningful access to the process.

#### D. The Order Operates as a Constructive Dismissal Without Due Process

Procedurally, this acted as a quasi-dispositive order as to the new defendants and claims raised in the FAC without the Court analyzing or adjudicating them on the merits.

6

In a prior order (ECF No. 101), the Court denied Plaintiff's motion to issue summons for newly named defendants, stating that Plaintiff could refile the motion "if her claims against [those defendants] survive the motion to strike and seal."

The Court's March 21 Order effectively dismisses new claims and defendants without analysis or adjudication. In a prior order (ECF No. 101), the Court stated Plaintiff could move to serve new defendants "if her claims against them survive the motion to strike." But by striking the FAC outright, those claims are treated as dismissed—without briefing, legal analysis, or judicial findings.

This backdoor dismissal violates Plaintiff's due process by depriving her of Rule 15(a)(1)'s guarantee of amendment as of right, bypasses Rule 12(b)(6) standards, and prejudices Plaintiff by presuming the futility of claims never evaluated on the merits.

### 1. The Court's Framing of the Case as "Wrongful Termination" Is Inaccurate and Prejudicial

The Order construes the case as a "wrongful termination" action, ignoring the multifaceted claims pled under federal and state civil rights statutes, the CFAA, and common law. This characterization is inaccurate and misleading. Plaintiff's First Amended Complaint—which was filed as a matter of right and accepted by the District Court as the operative pleading—included claims far beyond a simple wrongful termination theory. Mischaracterizing the nature of the action distorts the procedural posture and misinforms subsequent judicial analysis.

- E. *Page and Exhibit Limitations, Combined With the Court's Narrow Construction of the Claims, Deprive Plaintiff of a Meaningful Opportunity to Be Heard*

- F. *The Resulting Prejudice to Plaintiff Is Severe, Structural, and One-Sided*

- G. *Striking the Entire FAC Without Preserving the Record Leaves an Incomplete and Prejudicial Narrative*

## CONCLUSION

For the reasons stated above, Plaintiff respectfully objects to the Magistrate Judge's March 21, 2025 Order (ECF No. 105) as clearly erroneous and contrary to law. The Order improperly strikes the entirety of Plaintiff's First Amended Complaint under Rule 12(f) and Rule 8, imposes arbitrary and unworkable constraints on re-pleading, and effectively dismisses numerous viable claims without adjudication or meaningful process. It adopts Defendants' conclusory assertions wholesale without individualized analysis, excludes supporting exhibits critical to plausibility, and leaves a materially one-sided record that reflects only Defendants' narrative.

## RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court:

- Set aside or modify the order (ECF No. 105) under Fed. R. Civ. P. 72(a);

- vacate the page limitations and other restrictions imposed on the SAC

- or, alternatively, permit her to structure the SAC claim-by-claim without a rigid overall page limit, and to incorporate necessary factual specificity and supporting concise exhibits where necessary

- Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Brittany E. Martin

Plaintiff

Dated:    APRIL 4, 2025           By:  /s/ Brittany E. Martin
                                       Brittany E. Martin, *in Pro Se*
                                       23 College Ave. SE, APT. 18
                                       Grand Rapids, MI 49503
                                       (616) 822-9423
                                       bmartin0211@outlook.com