# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---

**BRITTANY E. MARTIN,**

          Plaintiff,

v.

**HENN LESPERANCE PLC.,** *et al.,*

          Defendants.

Case No.: 1:24-cv-00072

HON. Hala Y. Jarbou
Magistrate Ray Kent

---

| | |
|---|---|
| **Brittany E. Martin**<br>*Plaintiff* in Pro Se<br>(616) 822-9423<br>23 College Ave. SE, APT. 18<br>Grand Rapids, MI 49503<br>bmartin0211@outlook.com | **Lee T. Silver (P36905)**<br>**Michael L. Gutierrez (P79440)**<br>**Daniel J. Hatch (P79258)**<br>**Tyler A. Burk (P85077)**<br>**BUTZEL LONG, PC**<br>*Attorneys for* Henn Lesperance PLC,<br>Kevin Lesperance, Malgorzata<br>("Gosia") Walker, and Roy H. Johnson<br>300 Ottawa Ave. NW, Suite 620<br>Grand Rapids, Michigan 49503<br>(616) 988-5600<br>silver@butzel.com<br>gutierrez@butzel.com<br>hatchd@butzel.com<br>burkt@butzel.com |

---

## PLAINTIFF'S BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR A ONE-DAY EXTENSION OF TIME

## **INTRODUCTION**

Plaintiff respectfully seeks a one-day retroactive extension of time under Fed. R. Civ. P. 6(b)(1)(B) and W.D. Mich. LCivR 7.1(c) to formally deem her response brief (ECF No. 102) timely filed.

The response was submitted at 6:46 a.m. on September 26, 2024—just six hours and forty-six minutes past the Court's September 25 11:59 PM deadline, per ECF No. 101—and has remained on the docket for over six months without any objection, procedural challenge, or indication from the Court that it was disregarded or treated as untimely.

Plaintiff reasonably believed the Court had exercised its discretion to enlarge the deadline and accept the response without motion or notice pursuant to W.D. Mich. LCivR 7.1(d) and that no further action was necessary.

It was only during related legal research on April 9, 2025, that she realized a formal finding under Rule 6(b)(1)(B) may still be required to foreclose any argument that the response cannot be considered by the District Judge in connection with her timely Appeal of Magistrate Judge's Order. (ECF No. 106.)

As shown below, Plaintiff has established excusable neglect and good cause under Rule 6(b)(1)(B). The minimal delay was the result of excusable neglect and occurred despite continuous, good-faith effort under intense litigation pressure, structural disadvantage, and ongoing procedural gamesmanship. Every equitable and legal factor weighs in favor of granting the requested relief.

## FACTUAL AND PROCEDURAL BACKGROUND

1. This motion—like much of the litigation before it—exists because Defendants made a calculated decision to blow up a solvable issue for tactical gain. Nearly a year ago, they proposed and agreed to narrow the strike-and-seal issues cooperatively with Plaintiff before involving the Court, obtained a 21-day extension on that basis, and then used that time to prepare a sprawling, punitive motion they had every intention of filing from the start.

2. On May 28, 2024, Plaintiff responded to Defendants' request for concurrence by offering to voluntarily remove specific duplicative material and inviting further clarification to collaboratively narrow the dispute. (**EX. A**).

3. During a May 29 meet-and-confer call, Plaintiff acknowledged the state of her FAC nand made clear that she did not wish to burden the Court or Defendants with an unwieldy pleading and reaffirmed her willingness to voluntarily narrow the scope and work towards a streamlined version cooperatively.

4. Defendants proposed a cooperative process: they would identify specific material they sought to strike, and Plaintiff would indicate what she was willing to remove—"to see if we could land the plane"—with the shared goal of narrowing any issues before seeking the Court's intervention. Plaintiff agreed and stipulated to a 21-day extension on that basis. But Defendants never resumed the discussion. They abandoned the narrowing process entirely and instead blindsided both Plaintiff and the Court with a sprawling, punitive motion to strike and seal. Their Certificate of Concurrence made no mention of the parties' prior discussions or Plaintiff's concessions, creating the false impression that she refused to cooperate. This is the litigation posture that created the present motion—and much of the inefficiency now burdening the Court.

5. On June 3, 2024, the Court entered the parties' stipulated order (ECF No. 64) granting Defendants an extension to file their Motion to Strike or Seal, setting Plaintiff's response deadline at 21 days following their filing. Defendants filed their Motion to Strike and Seal (ECF No. 74) on June 14, 2024, making Plaintiff's opposition due July 5, 2024.

6. On July 5, 2024, Plaintiff filed a motion for a short extension of time to file her response (ECF No. 84), and shortly thereafter moved for leave to exceed the word count limit, attaching a proposed enlarged brief. (ECF No. 86). Defendants opposed both requests. (ECF Nos. 90, 92).

7. On September 11, 2024, the Court denied Plaintiff's motion for enlarged word count and struck her proposed oversized brief. The Court permitted Plaintiff to file a revised response brief within the standard word limit by 11:59 p.m. on September 25, 2024. (ECF Nos. 99, 100).

8. On September 16, 2024, the Magistrate Judge denied Plaintiff's motion to issue summons for the newly named defendants without prejudice. (ECF No. 101). This ruling altered the procedural posture of the case and required Plaintiff to reassess the framing and relevance of multiple sections of her response brief. Several arguments had to be revised or restructured in response, adding late-stage complexity to an already demanding filing process.

9. Plaintiff filed her renewed Response in Opposition (ECF No. 102) at 6:46 a.m. on September 26, 2024—6 hours and 46 minutes past the Court's deadline.

10. On March 21, 2025, the Magistrate Judge granted Defendants' motion to strike and seal. The Magistrate Judge's Order (ECF No. 105). Nothing in the Order indicates that the Court disregarded Plaintiff's response or declined to consider it on timeliness grounds.

11. Plaintiff filed a timely appeal of that nondispositive order on April 4, 2025. (ECF No. 106).

## APPLICABLE LEGAL STANDARD

Fed. R. Civ. P. 6(b) "provides that when a party moves the court to accept a filing after the relevant deadline, the court may do so "where the failure to [file before the deadline] was the result of excusable neglect." Fed. R. Civ. P. 6(b), *Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514, 522 (6th Cir. 2006).

"When a party fails to meet a deadline, the district court should determine if such failure was the result of excusable neglect." *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 582 (6th Cir. 2010); Fed. R. Civ. P. 6(b)(1)(B).

In the Sixth Circuit, a Court is to determine whether a party's neglect in failing to meet a deadline is excusable-neglect by balancing five factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith. *Nafziger,* 514, 522 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

The determination of what amounts to excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

The term "neglect" encompasses "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer*, 507 U.S. 380, 388 (1993); *see also United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996).

## ARGUMENT

I.  **Plaintiff Satisfies the Standard for Excusable Neglect**

(1)  **The Delay Was Minimal, Non-Prejudicial, and Had No Impact**

Plaintiff's response was filed before the start of the business day, less than seven hours past the Court's deadline. It has remained on the docket for over six months without challenge. Defendants have had full access and suffered no disadvantage.

The case remains in its early stages. No scheduling order has issued, no discovery or hearings were affected, and the delay did not alter any procedural posture.

Courts routinely grant Rule 6(b)(1)(B) relief for longer delays where, as here, there is no prejudice or impact on the proceedings. See *Conrad v. U.S. Bank Nat'l Ass'n*, 391 F. Supp. 3d 780, 785 (S.D. Ohio 2019) (accepting a response brief filed seven days late due to counsel's inadvertent calendaring error).

(2)  **Reason for Delay**

  a.  **Honest Miscalculation Despite Continued Good-Faith Effort**

Plaintiff's delay was not the product of disregard for court-imposed rules and deadlines but of an honest miscalculation in the final stages of preparation after extensive real-time effort to comply with the Court's order. She began revising the brief the same night the Court denied her motion to enlarge the word count and worked daily—often overnight—through the early hours of the deadline. Microsoft Word metadata confirms over 28 hours of direct editing between September 11 and 25. That figure includes only time spent directly editing the electronic file—it excludes time spent on research, reviewing Defendants' sprawling motion, analyzing case law,

6

organizing evidence, marking up printed drafts, and editing by hand. Those tasks represented the majority of the actual work performed.

Final word count trimming and formatting were still underway late into the night. Plaintiff believed in good faith she could meet the deadline, and it was not until the final moments that she realized compliance was no longer feasible. She filed the response at the earliest possible opportunity—6:46 a.m.—after a full overnight work session.

The delay was the result of sustained effort to comply under significant constraints. This is exactly the type of good-faith error contemplated by *Pioneer*.

### b. Procedural Asymmetry and Tactical Obstruction Amplified the Burden

Defendants' Motion to Strike and Seal was not a routine Rule 12 filing—it was a sweeping, tactical maneuver designed to overwhelm and entrap, serving less as a Rule 12 motion and more as an endurance gauntlet. The motion targeted nearly 1,000 paragraphs and exhibits, advancing broad, vague assertions without specificity or structure. This forced Plaintiff into an impossible bind: either respond briefly and risk waiver, or fully address the issues and exceed the word limit. That dilemma was not incidental; it was engineered and consistent with defendants obvious and unsurprising strategy throughout this litigation: waging war by attrition.

When Plaintiff sought a modest enlargement of the word count, Defendants strategically withheld concurrence. They stalled her out for days, moved goal posts, feigned confusion and ultimately opposed the motion outright—turning procedural compliance into a trap.

For a self-represented litigant, the burden was magnified exponentially. Plaintiff has no access to legal research databases, no citation software, no clerical or editorial support, and no access to a public law library in Grand Rapids—a rare obstacle in a legal hub of its size.

Every paragraph Plaintiff writes has to be bulletproofed against an adversary seeking procedural missteps, not resolution. The result was not neglect—it was exhaustion. And the brief, filed just over six hours past the deadline, was the byproduct of continuous, good-faith effort under deliberately hostile conditions.

These factors do not excuse noncompliance. But they help explain why—even with focused effort over a two-week period—the final stage of the brief extended slightly past the deadline. The Supreme Court has made clear that excusable neglect must be evaluated in light of "all relevant circumstances surrounding the party's omission," including a litigant's available resources and capacity for compliance. *Pioneer*, 507 U.S. at 395.

**(3)     Plaintiff Acted Diligently and in Good Faith Before, During, and After the Filing**

Plaintiff worked diligently and in good faith from the moment the Court denied her word count motion. She revised the brief daily for two weeks, devoted over 28 hours of tracked drafting edits alone. She believed the filing would be completed by the deadline and filed it at the earliest feasible moment. She reasonably believed the Court had accepted it and took no further action until discovering a formal Rule 6(b)(1)(B) finding might be necessary. She then acted promptly—seeking concurrence and filing this motion without delay.

The Sixth Circuit defines "good cause" as diligence—not perfection. Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002); Venture Express, Inc. v. Vanguard Nat'l Trailer Corp., 585 F. Supp. 3d 1070, 1070 (E.D. Tenn. 2022). Plaintiff meets that standard.

## **CONCLUSION**

Plaintiff's delay was short, unintentional, and the direct result of sustained, good-faith effort under asymmetric and deliberately obstructive conditions. No party was prejudiced. No

8

deadlines were affected. And the filing has remained on the docket unchallenged for over six months.

The totality of the circumstances support a finding of excusable neglect and good cause under Rule 6(b)(1)(B). Granting this motion ensures procedural clarity and avoids unnecessary ambiguity on appeal.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

1. Grant expedited consideration of this motion;

2. Retroactively extend the filing deadline for (ECF No. 102) by one day to formally deem it timely filed and properly before the Court;

3. Grant any such further relief as it deems just and proper under the circumstances.

Respectfully submitted,

Brittany E. Martin
*Plaintiff*

Dated:   April 14, 2025         By:   /s/ Brittany E. Martin
                                **Brittany E. Martin, *in Pro Se***
                                23 College Ave. SE, APT. 18
                                Grand Rapids, MI 49503
                                (616) 822-9423
                                bmartin0211@outlook.com