# EXHIBIT A

 **Outlook**

---

Re: [EXTERNAL] Motion for Extension of Time in 1:24-cv-00072-HYJ-RSK Martin v. Henn Lesperance PLC et al

---

**From** Britt Martin <bmartin0211@outlook.com>
**Date** Tue 4/15/2025 10:04 AM
**To** Hatch, Daniel <hatchd@butzel.com>
**Cc** Gutierrez, Michael <gutierrez@butzel.com>; Silver, Lee <silver@butzel.com>; Burk, Tyler A. <burkt@butzel.com>; Schoonmaker, Gabrielle <schoonmaker@butzel.com>

Your email is both inappropriate and baseless. Your stance--essentially--is that "unless I agree to withdraw my motion and related papers immediately", you will allege that I knowingly and improperly characterized my motion as "unopposed" in bad faith. That is a serious allegation—and it is demonstrably false.

To be clear: I asked—exactly as required under both W.D. Mich. LCivR 7.1(d)(i) and (ii)—whether you concurred or intended to oppose my motion. This was the same language I used just 3-days prior in connection with ECF No. 109, to which Defendants responded with a clear, explicit statement: "**We intend to oppose your motion**." ECF No. 110 and ECF No. 110-1.

In contrast, your response here said only "We do not concur." That distinction is not trivial—it is material. We do not concur does not mean we intend to oppose. It only means: "we're not going to enter into a stipulation."

And when you gave a clear answer ("**we intend to oppose**") just 3-days earlier on a nearly identical motion—any reasonable person would interpret the silence on that second point here to mean you did not intend to oppose.

It is not uncommon for parties to decline to concur while choosing not to oppose and leaving the matter to the Court's discretion, especially on non-dispositive matters. That is how the rule functions.

Your failure to include the words "we oppose" or "we intend to oppose"—particularly given your own precise language just days before in response to my exact same language—reasonably led me to believe that while you declined to stipulate ("concur"), you did not intend to file a formal opposition. That interpretation was made in good faith, based on consistent precedent, the rule's plain text, and your own conduct.

Moreover, the full exchange—including Mr. Burk's response—was filed on the record as Exhibit A to my Certificate of Concurrence, so there was no concealment, omission, or attempt to mislead anyone. The Court has the facts. Your claim of misrepresentation collapses under its own weight.

What is actually sanctionable is your attempt to intimidate me with threats of Rule 11 consequences for a facially reasonable, well-supported filing—while selectively omitting the context and weaponizing a procedural rule that you yourselves failed to follow in accordance with prior practice. The Court has seen this pattern before.

Nonetheless, if Defendants now take the position that they do in fact oppose the motion, I am more than willing to file a notice with the Court clarifying your position. If the Court determines that a revised caption is appropriate, I am willing to refile with "unopposed" removed. But I will not withdraw a motion that was timely, procedurally sound, and rooted in a good-faith reading of your own words.

**Brittany E. Martin**

E: bmartin0211@outlook.com
P: (616) 822-9423

---

**From:** Hatch, Daniel <hatchd@butzel.com>
**Sent:** Monday, April 14, 2025 5:33 PM
**To:** Britt Martin <bmartin0211@outlook.com>
**Cc:** Gutierrez, Michael <gutierrez@butzel.com>; Silver, Lee <silver@butzel.com>; Burk, Tyler A. <burkt@butzel.com>; Schoonmaker, Gabrielle <schoonmaker@butzel.com>
**Subject:** FW: [EXTERNAL] Motion for Extension of Time in 1:24-cv-00072-HYJ-RSK Martin v. Henn Lesperance PLC et al

Ms. Martin

Per the ECF notification below, we are in receipt of your motion seeking a retroactive extension of time (ECF No. 112) that you labeled as an "UNOPPOSED MOTION." Giving you the benefit of the doubt, I presume your labeling of your motion as "unopposed" was an oversight given that we denied your request for concurrence regarding that same motion and never told you that we would not oppose your motion.

Recall that you emailed me, Lee Silver, Mike Gutierrez, and Tyler Burk on April 10 requesting that we concur in the relief requested in your motion seeking a retroactive extension of time. In response to your request, my colleague (Tyler Burk) responded less than three hours later stating, "We do not concur with your request to seek a retroactive extension." I've attached that email chain for your reference. I don't see how you could in good faith interpret Mr. Burk's email—expressly denying concurrence in the relief sought in your motion—as a representation that we would not oppose the very same motion.

Presenting a motion to the court as unopposed where, as here, that representation is untrue constitutes a clear misrepresentation of fact to the court and is sanctionable conduct. *Moi v. O'Leary*, No. 6:22-cv-01889-MK, 2024 U.S. Dist. LEXIS 145506, *8 (D. Or. Aug. 15, 2024) (sanctions awarded for falsely presenting a motion as "unopposed"); *see also*, Fed. R. Civ. P. 11(c) (allowing sanctions for presenting a written motion to the court that contains factual contentions without evidentiary support).

You do not have <u>any</u> support for your position that Defendants will not oppose your motion for retroactive extension of time, especially in light of Mr. Burk's email denying concurrence with respect to that motion. Please confirm by or before **10:00 a.m. tomorrow, April 15**, that you will withdraw your "unopposed" motion and related papers immediately. Additionally, we request that you remove any reference in your future filings indicating that your motion is unopposed. If we do not receive such confirmation from you by or before 10:00 a.m. tomorrow, we will be seeking the appropriate sanctions from the

Court. Those sanctions will include, without limitation, the fees and costs associated with responding to your misrepresentations and misconduct.

I called your cell phone to discuss this issue this afternoon, and my call was directed to your voicemail. I await your response.

Daniel Hatch
*Shareholder*

hatchd@butzel.com

Direct: (616) 752-7224  |  Mobile: (616) 250-1307



Main: 616.988.5600 |  Fax: 616.988.5606
300 Ottawa Ave. NW,  Suite 620  |  Grand Rapids, MI  49503





Confidentiality Statement: This message, including attachments, may be confidential, legally privileged, and/or subject to data privacy protections. If not for you, do not review, use or share it; notify us immediately and delete it. Thank you.

---

**From:** ecfhelp@miwd.uscourts.gov <ecfhelp@miwd.uscourts.gov>
**Sent:** Monday, April 14, 2025 8:22 AM
**To:** ecfadmin@miwd.uscourts.gov
**Subject:** [EXTERNAL] Motion for Extension of Time in 1:24-cv-00072-HYJ-RSK Martin v. Henn Lesperance PLC et al

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

United States District Court
Western District of Michigan

**Notice of Electronic Filing**

The following transaction was entered on 4/14/2025 at 8:21 AM and filed on 4/14/2025
**Case Name:**       Martin v. Henn Lesperance PLC et al
**Case Number:**     1:24-cv-00072-HYJ-RSK
**Filer:**           Brittany E. Martin

**Document Number:** 112

**Docket Text:**

**UNOPPOSED MOTION for extension of time to** *Retroactively Extend Deadline for ECF No. 102 by One-Day* **by plaintiff Brittany E. Martin; (Martin, Brittany)**

**1:24-cv-00072-HYJ-RSK Notice has been electronically mailed to the following attorneys, and no further service upon them is required if the document has been electronically filed:**

Brittany E. Martin     bmartin0211@outlook.com

Daniel J. Hatch     Hatchd@butzel.com, Schoonmaker@butzel.com

Michael L. Gutierrez     Gutierrez@butzel.com, Galla@butzel.com, schoonmaker@butzel.com

Tyler A. Burk     burkt@butzel.com, rodriguez@butzel.com

**1:24-cv-00072-HYJ-RSK Notice has NOT been electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP miwdStamp_ID=976881588 [Date=4/14/2025] [FileNumber=6775586-0]
[01af0fc2f098efe6e04d05400fad20db0c7560ffdc177d4a36e5a318234b309081d2a
04ebc275aecdb95edfc8639823b0d43293fba93723fe64894f0d5cfc96e]]