UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BRITTANY E. MARTIN,**

           Plaintiff,

v.

**HENN LESPERANCE PLC,
KEVIN LESPERANCE,
WILLIAM HENN,
ANDREW CASCINI,
MALGORZATA ("GOSIA") WALKER,
THOMAS C. WALKER,
ROY H. JOHNSON,**

           Defendants.

Case No.: 1:24-cv-00072

HON. Hala Y. Jarbou
Magistrate Ray Kent

| | |
|---|---|
| **Brittany E. Martin**<br>*Plaintiff* in Pro Se<br>(616) 822-9423<br>23 College Ave. SE, APT. 18<br>Grand Rapids, MI 49503<br>bmartin0211@outlook.com | **Lee T. Silver (P36905)**<br>**Michael L. Gutierrez (P79440)**<br>**Daniel J. Hatch (P79258)**<br>**Tyler A. Burk (P85077)**<br>**BUTZEL LONG, PC**<br>*Attorneys for* Henn Lesperance PLC, Kevin Lesperance, Malgorzata ("Gosia") Walker, Roy H. Johnson, Andrew Cascini, and William Henn<br>300 Ottawa Ave. NW, Suite 620<br>Grand Rapids, Michigan 49503<br>(616) 988-5600<br>silver@butzel.com<br>gutierrez@butzel.com<br>hatchd@butzel.com<br>burkt@butzel.com<br>**Thomas C. Walker**<br>*Defendant* in Pro Se<br>(518) 522-1030<br>2847 Elmwood Drive SE<br>Grand Rapids, Michigan 49506<br>t.c.walker2010@gmail.com |

**ORAL ARGUMENT REQUESTED**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT THOMAS C. WALKER'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT (ECF NO. 133)**

# INTRODUCTION

Defendant Thomas C. Walker's motion should be denied because each claim is Thomas C. Walker's Motion to Dismiss is a tactical misfire—built not on a good-faith application of Rule 12(b)(6), but on denials, deflections, and deliberate misstatements of the record. His framing of Plaintiff's claims as "speculative" or "implausible" attempts to sidestep the actual allegations—allegations that explicitly accuse him of authoring and distributing a defamatory, reputation-destroying letter to the wife of Plaintiff's employer with the intent to frame her, cost her job, and destroy her future career prospects.

Mr. Walker may "not recall" his interactions with Plaintiff, but he offers no denial of the specific allegations against him—because to do so would risk perjury. His Motion asks this Court to credit his spin over Plaintiff's well-pled facts, to collapse factual disputes into a threshold motion, and to reward him for the Court's prior page-limit constraints. Rule 12(b)(6) does not permit that. The motion should be denied.

# BACKGROUND AND PROCEDURAL POSTURE

## I. The Third Amended Complaint Was Filed Under Court-Imposed Constraints

Plaintiff's First Amended Complaint (ECF No. 17) was 322 pages and filed on April 12, 2024 as a matter of right under Rule 15(a)(1)(B). It contained extensively detailed factual allegations and supporting documentation. Then, it was struck in its

entirety at Defendants' request[1]. The Court permitted Plaintiff to file a Second Amended Complaint subject to certain restrictions: a 25-page cap and exhibits limited to pages of "written instruments," barring charts, screenshots, or digital media.

Plaintiff's SAC complied but was struck for technical errors with paragraph numbering. By contrast, the SAC and TAC were both constrained drafts submitted under the Court's express mandates. Plaintiff's appeal of the limitations order (ECF No. 118) warned that enforcing such caps would prevent her from presenting a factually sufficient complaint, and Defendants would exploit that procedural posture to argue that she failed to state a plausible claim and lacked necessary factual detail to meet Iqbal and Twombly standards. That is exactly what has now occurred.

On May 21, 2025, Plaintiff filed the operative Third Amended Complaint (ECF No. 124) in compliance with the Court's directives. As a result, the TAC necessarily omits substantial portions of the factual record and supporting materials previously submitted in Plaintiff's First Amended Complaint.

Given this posture, Defendants' pending motions should not be evaluated in isolation. The TAC was a constrained— not a reflection of Plaintiff's inability to plead her claims, and certainly not for lack of factual or evidentiary support to overcome the plausibility threshold.

---

[1] Notably, co-Defendants continue to cite and rely on the very First Amended Complaint they moved to strike— selectively invoking its stricken, non-operative contents when useful to their narrative, despite having previously demanded its removal in full on the grounds that it was "salacious," irrelevant, and prejudicial. Their current reliance on that same material—now stripped of its evidentiary context and neutralizing facts—reveals the strategic purpose behind their motion: to suppress Plaintiff's proof while preserving their ability to distort it. (ECF No. 139, PageID.2250)

Plaintiff is in the process of finalizing her motion for leave and proposed Fourth Amended Complaint that presents the claims in their proper, fully developed form. It does not add new claims or parties but instead provides the clarity and necessary factual support Defendants assert is lacking. Plaintiff will be moving for leave in accordance with the Court's rules. Once filed, the Fourth Amended Complaint will supply the proper record for any Rule 12(b)(6) analysis.[2]

## LEGAL STANDARD

### II. Rule 12(b)(6)

Dismissal with prejudice and without leave to amend is only appropriate when it is clear on de novo review that the complaint could not be saved by an amendment. *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015). *Stewart v. IHT Ins. Agency Grp., LLC*, 990 F.3d 455, 457 (6th Cir. 2021)

## ARGUMENT

### I. Thomas C. Walker's Motion Improperly Disputes Facts, Mischaracterizes Allegations, and Fails Under Rule 12(b)(6)

Mr. Walker's motion to dismiss is not a true Rule 12(b)(6) motion—it is a backdoor denial of well-pleaded allegations, laced with conclusory character attacks and misdirection. The Court must disregard these improper factual denials. A Rule 12(b)(6) motion tests only the legal sufficiency of the complaint, not the defendant's personal recollection or preferred narrative. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[2] Defendants are aware of the forthcoming motion: on July 9, 2025, Plaintiff proactively reached out to both Tom Walker and opposing counsel to seek concurrence. Both declined.

(2009); Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), abrogated on other grounds.

Thomas C. Walker repeatedly asserts that he "has no connection whatsoever" to Henn Lesperance PLC and "no recollection of interacting" with Plaintiff. But these denials are not only irrelevant at this stage—they are demonstrably false. Plaintiff alleged that Mr. Walker authored and sent a salacious, meticulously detailed letter and photographs to the wife of her direct supervisor, with the calculated intent of framing Plaintiff as the author and precipitating her termination. She further alleged that he participated in acts relevant to the case and engaged in conduct designed to interfere with Plaintiff's employment and legal representation.

This is not group pleading. This is not conjecture. These are targeted allegations describing Mr. Walker's conduct, motive, and participation.

Tom Walker's characterization of the Complaint as lacking any "specific factual assertion" is itself a false statement—one belied by the very paragraph he cites. That misrepresentation should not pass unnoticed. More tellingly, while Mr. Walker outright denies being an agent or employee of the firm, he does not deny authoring or sending the letter, opting instead for strategic deflection. Rather than denying material facts, he reframes them as "accusations" rooted in a personal "vendetta." Courts recognize this tactic for what it is: a rhetorical flourish, not a legal argument.

At this stage, it is Plaintiff's facts, not Mr. Walker's spin, that control.

## II.   Statute of Limitations and Relation Back

The statute of limitations cannot be used as a sword when the delay was caused by Defendants misconduct, manipulation, concealment, and post-termination obstruction.

"[A] motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Cataldo v. United States Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). "However, dismissal is warranted if the allegations in the complaint affirmatively show that the claim is time-barred." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (internal citations and quotations omitted). "Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run." *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001).

Here, Tom Walker has done nothing to meet his burden to affirmatively show that the claims are fatally time-barred on the face of the complaint.

To the contrary, the allegations in the TAC and throughout this litigation reference a covert and deceptive scheme in which Defendants, including both Tom and Gosia Walker, used anonymized tactics and intermediaries to frame Plaintiff. Those facts give rise to at least two plausible bases for tolling or postponing accrual:

Fraudulent Concealment: The conduct alleged was deliberately disguised to make it appear as though Plaintiff herself was the actor. Plaintiff did not and could not

have known that Tom Walker was the true author of the letter at the time the harm occurred. Courts in this Circuit routinely toll claims under such circumstances.

Continuing Violation and Ongoing Harm: The consequences of Tom Walker's conduct—including reputational damage, interference with employment, and disruption of legal representation—did not occur on a single date. They unfolded over time and were compounded by ongoing retaliatory acts by his then-wife, Gosia Walker, and other co-conspirators.

In addition, Plaintiff is not required to plead equitable tolling or relation back in detail at this stage. These are fact-driven inquiries that require evidentiary development.

To the extent Tom Walker seeks dismissal based on an unsubstantiated claim that the statute of limitations has expired, his argument fails under Rule 15(c) and binding precedent. The Supreme Court has made clear that a plaintiff's knowledge of a party's existence does not preclude relation back if the plaintiff misunderstood that party's identity or role in the events giving rise to the claim.

"That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity… A plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the 'conduct, transaction, or occurrence' giving rise to her claim." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 548–49 (2010).

"A deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied." *Id*. at 549.

Rule 15(c)(1)(C) is designed to prevent windfalls for defendants who "escape suit during the limitations period only because the plaintiff misunderstood a crucial fact about [their] identity." *Id*. at 550.

That is precisely the case here. Plaintiff's claims against Thomas Walker relate back and are timely.

Further, Walker has made no showing that he was prejudiced by the timing or unaware that his conduct was at issue. In fact, he concedes knowledge of the letter and photos referenced in the Complaint—(yet avoids directly denying authorship).

Thomas Walker was first named a Defendant in an operative pleading in this case on April 12, 2024, in Plaintiff's First Amended Complaint. Tom Walker's attempt to frame this as an unexplained "16 month delay" is refuted by a cursory review of the record.

### III.    Plaintiff Has Plausibly Alleged Tortious Interference and Conspiracy Against Defendant Thomas C. Walker or Are Otherwise Curable By Amendment

Tom Walker's motion hinges on the false premise that the Third Amended Complaint contains "no specific assertion, factual basis, or legal theory" that could support any claim against him. That is demonstrably false. His own motion cites to one such paragraph—¶145—just a few lines after denying that any exist.

9

Plaintiff's TAC alleges that:

"Defendants improperly interfered with Plaintiff's employment relationship… because they stalked her, framed her for acts and crimes that Thomas C. Walker was committing. Thomas C. Walker authored and sent a salacious letter and photographs to the wife of Plaintiff's employer… The letter was meticulously crafted with specific details with the intent to frame Plaintiff as the author, with the goal of causing Plaintiff's employer to terminate her employment while simultaneously ensuring that the real and tangible prospective business contracts, relationships, and opportunities… were diminished and destroyed." (¶ 145.)

Paragraph 145 is not "speculative"—it lays out intent, means, and result.

This is not a vague or conclusory allegation. It alleges who (Thomas Walker), what he did (authored and sent a fabricated letter and photos), how he did it (with the intent to frame Plaintiff), to whom (the wife of her employer), and why (to sabotage her employment and professional prospects). That is more than sufficient under Twombly and Iqbal.

Mr. Walker also attempts to cast doubt on these allegations by stating he has "no recollection" of interacting with Plaintiff. But Rule 12(b)(6) does not allow him to substitute personal denials for legal analysis. His memory is not at issue. The question is whether the complaint—taken as true—states a plausible claim for relief. It does.

Indeed, Walker's carefully hedged denial—"no recollection" instead of an outright denial—speaks volumes. He categorically denies agency, employment, and affiliation with the firm. He labels Plaintiff's allegations "speculative" and "implausible." But he conspicuously does not deny that he wrote the letter. He does not deny that he sent the photos. He does not deny that he intended to frame her.

And that silence is telling, especially in compare to his sweeping categorical denials of facts never alleged (

### IV.     Walker Improperly Asserts 12(b)(1) arguments into a 12(b)(6) motion

Personal jurisdiction is not challenged with sufficient specificity. All Defendants reside here.

### V.     "Duty Owed": Plaintiff Fails to Establish a Legal Duty Owed

Tom Walker also claims that Plaintiff's tortious interference and conspiracy claims are deficient because "Plaintiff does not establish any legal duty owed by Mr. Walker to her" because her "allegations are unsupported by specific facts showing … his legal duty." (ECF No. 134, PageID.2199) and (ECF No. 133) (PageID.2196).

But Tom Walker's argument misstates the law entirely. Neither tort requires a legal duty owed by the defendant to the plaintiff. Tortious interference requires intentional, improper interference with a business relationship—not a legal duty. And civil conspiracy requires an agreement and concerted action in furtherance of an unlawful purpose—not a duty.

### VI.     Improper Attempt to Assert "Denials" Convert to Summary Judgment

- TCW relies on matters outside the pleadings: e.g., his own representations, alleged lack of connection, etc.

- His brief invokes "the record" broadly without identifying admissible evidence.

- Letter and Grace emails may be considered without converting to SJ under incorporation-by-reference and judicial notice exceptions.

## CONCLUSION

Thomas C. Walker's Motion to Dismiss fails under all standards. He offers no valid legal grounds for dismissal, misrepresents the contents of the Complaint, and improperly seeks to litigate facts before answering the claims. The TAC—though constrained—pleads direct, detailed allegations of Walker's conduct and its resulting harm. The claims against him are plausible, supported, and will be further substantiated in Plaintiff's forthcoming Fourth Amended Complaint. His Motion should be denied in full.

Respectfully submitted,

Brittany E. Martin
*Plaintiff*

Dated:  August 6, 2025          By:  /s/ Brittany E. Martin
                                    **Brittany E. Martin, Plaintiff** *in Pro Se*
                                    23 College Ave. SE, APT. 18
                                    Grand Rapids, MI 49503
                                    (616) 822-9423

                                              _____

                                              bmartin0211@outlook.com