UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRITTANY E. MARTIN,

     Plaintiff,

                          Case No. 1:24-cv-72

v.

                          Hon. Hala Y. Jarbou

HENN LESPERANCE PLC, et al.,

     Defendants.

_____/

## ORDER

In opinion and order entered on March 16, 2026, the Court dismissed most of Plaintiff's claims. Before the Court is Defendants' motion to strike specific allegations of the complaint because they pertain to Plaintiff's dismissed claims. (Mot. to Strike, ECF No. 154.) Defendants contend that these allegations are no longer material or relevant and that striking them from the complaint will save resources.

The Federal Rules of Civil Procedure permit the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he action of striking a pleading should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). "It is a drastic remedy to be resorted to only when . . . the pleading to be stricken has no possible relation to the controversy." *Id.* "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). Courts typically "do not strike portions of pleadings unless they are prejudicial to the moving party[ ] . . . or contain language that is extreme or offensive." *Harrison v. Am. Airlines, Inc.*, 760 F. Supp. 3d 545, 574 (M.D. Tenn. 2024) (collecting cases).

Defendants have not met their burden.  The allegations Defendants ask to strike are related to claims the Court dismissed.  The Court's dismissal of those claims does not mean that the allegations supporting them have no possible relation to this case.  At the very least, those allegations are related to claims the Court discussed in its opinion.  And some of those allegations may be relevant to claims that will proceed.  The Court is reluctant to remove matter from the complaint without knowing how the case will develop.  *See Brown*, 201 F.2d at 822 (instructing courts to grant a motion to strike "sparingly" "because of the practical difficulty of deciding cases without a factual record").

Moreover, it is not clear what purpose striking portions of the complaint would serve.  Defendants are correct that striking matters from a pleading sometimes "aids in eliminating spurious issues before trial, thereby streamlining the litigation."  *Llewellyn-Jones v. Metro Prop. Grp., LLC*, 22 F. Supp. 3d 760, 776 (E.D. Mich. 2014).  But here, the Court has already reviewed the complaint and determined what claims should proceed.  Also, Defendants have filed their answers to the complaint.  Allegations pertaining to dismissed claims are unlikely to have any meaningful impact on the litigation going forward.  The complaint is not evidence, so the allegations therein are unlikely to play any role at the summary judgment stage or at trial.  Indeed, the Court generally does not permit parties to submit their pleadings to a jury.  Thus, the Court is not persuaded that it should strike portions of the complaint.

Accordingly,

**IT IS ORDERED** that Defendants' motion to strike (ECF No. 154) is **DENIED**.

Dated: March 31, 2026                                      /s/ Hala Y. Jarbou
                                                          HALA Y. JARBOU
                                                          CHIEF UNITED STATES DISTRICT JUDGE